*J. A. Liston* and *R. L. Farnsworth*, for the appellant.

May Term,<br>1861.<br><br>GAINES<br>v.<br>WALKER.

---

GAINES and Another *v.* WALKER.

Where a judgment lien is obtained upon real estate upon which a mortgage lien already exists, the judgment creditor has only a general lien on the equity of redemption, and is not regarded in the light of a purchaser for a valuable consideration; and hence, is not a necessary party to an action to foreclose the mortgage.

An answer to a complaint for foreclosure setting up that the land was once owned by one *A.*, since deceased, and was sold at sheriff's sale on a judgment against him, and that his wife still survives, is bad, unless it be further shown that the sheriff's sale was subsequent to 1853.

A demurrer for defect of parties must point out the alleged defect.

APPEAL from the *Shelby* Common Pleas.

*Per Curiam.* — Suit to foreclose a mortgage. The suit is against husband and wife. Order of sale, and of execution for the overplus against the defendants.

Monday,<br>June 10.

There was a paragraph of the answer alleging that a certain judgment creditor of the mortgagor, junior to the mortgage, was not made a party defendant. This paragraph was not replied to. The judgment creditor had only a general lien upon the equity of redemption. *Whitehead* v. *Cummins*, 2 Ind. 58. And such creditor is not regarded in the light of a purchaser for a valuable consideration (Story's Eq. Pl., § 807), and is not a necessary party to a foreclosure suit. The issue of fact taken upon such a paragraph would be immaterial.

Another paragraph of the answer alleged that one *Thatcher*, now dead, once owned the land; that it was sold from him at

sheriff's sale, and that his widow survives. This answer was bad for uncertainty. It should have shown that the sheriff's sale was subsequent to 1853. *Strong* v. *Clem*, 12 Ind. 37.

It may be remarked that there was a demurrer to the complaint, assigning for cause, "defect of parties;" but the defect was not pointed out. It should have been. If it was meant that the assignor of the notes was a necessary party, it was a mistake, as the notes were assigned by indorsement.

The order of execution for the part of the judgment not satisfied by sale of the mortgaged premises, is altered so as to operate only on *Richard G. Gaines;* and as thus modified, the judgment below is affirmed, with 1 per cent. damages and costs. The alteration of the order might have been procured on motion below. The error in it was doubtless merely clerical.

Affirmed, with 1 per cent. damages and costs.

*M. M. Ray* and *B. F. Davis*, for the appellants.

*T. A. McFarland*, for the appellee.