VANSICKLE and Others *v.* ERDELMEYER, Treasurer of Marion County.

TURNPIKE COMPANY.—*Articles of Association.*—The articles of association of a gravel road company were held to be not invalid because the amounts subscribed might be paid in instalments of one, two, and three years, commencing with the year 1868, either in money or labor and at such times in each year as the directors might determine.

DEMURRER.—*Parties.*—A demurrer for want of proper parties must point out or name the person who is not, but should be, made a party.

APPEAL from the Marion Circuit Court.

DOWNEY, J.—This was an action by the appellants to enjoin the collection of certain assessments made for the construction of the "Pleasant Run Gravel Road," in Marion county, under the act of March 11th, 1867. There was a demurrer to the complaint, which was sustained, and this is the only alleged error.

The sole ground on which the injunction was asked was that the articles of association of the company were illegal, and the company was not therefore duly organized, because the amounts subscribed may be paid in payments at one, two, and three years, commencing with the year 1868, in money or labor, and at such time in said years as the directors may determine.

It is urged in the brief, that it is unjust to those who are assessed, and who must pay in money, that the original sub-

scribers may pay in work. We are not able to see the hardship of this. The work must be done, of course, at cash prices, which would make it as valuable to the company as cash, and not give any undue advantage to the parties thus paying. If the work shall not be done when required, the amounts become payable exclusively in money. The stipulation is in the articles of association. There is no concealment or fraud. It is not like the case where there is a private stipulation with a subscriber that he may pay in some manner, or at some other time than the other subscribers, and which would be a fraud upon them. But even in that kind of case, it is held that the private condition or stipulation is invalid, but the subscription binding. *Henry v. The Vermillion, etc., Railroad Co.* 17 Ohio, 187. Nor do we think there is anything in the fact that the sums are payable in annual instalments. The amounts to be raised by assessments are payable in three or more yearly payments, and there would seem to be, at least, no impropriety in making the subscriptions payable in the same way.

It is urged by the appellee that the demurrer to the complaint was rightly sustained for a defect of parties defendants, because the company was not made a party to the suit. We think this objection is not properly presented. It is true that the company is more deeply interested in the collection of the assessments than any other party, and it is specially interested in the question as to the validity of the organization of the company. But the demurrer, though it alleges a defect of parties, does not, as required by the practice sanctioned by this court, point out or name the person, or persons who should be, but who are not made parties. *Gaines v. Walker,* 16 Ind. 361.

The judgment is affirmed, with costs.*

*J. M. Johnston, J. M. Cropsey,* and *G. W. Kirkland,* for appellants.

*L. Barbour, C. P. Jacobs,* and *C. W. Smith,* for appellee.

*Petition for a rehearing overruled.