Marks *v.* The Indianapolis, Bloomington, and Western Railway Company.

RAILROAD.—*Liability for Work.—Sub-contractor.*—A railroad company is not liable to one employed by a sub-contractor, for work done in the construction of the road.

DEMURRER.—*Defect of Parties.*—A demurrer for defect of parties must point out the party omitted.

APPEAL from the Montgomery Common Pleas.

DOWNEY, J.—The appellant sued the appellee, alleging in

his complaint the following facts: That about the —— day of June, 1868, the firm of R. F. Johnson & Co. were sub-contractors in the construction of a part of the road of the Indianapolis, Crawfordsville, and Danville Railroad Company; that said firm employed the plaintiff to work for them, and became indebted to plaintiff for such work, in the sum of one hundred and twenty-four dollars and thirty-seven cents, the work being done in and about the construction of the railroad of said Indianapolis, Crawfordsville, and Danville Railroad Company; that said Johnson and company afterward absconded and went to parts unknown, leaving the said debt unpaid, and no property of any kind subject to any process of law; that, although he demanded payment of said indebtedness from said Indianapolis, Crawfordsville, and Danville Railroad Company, the said company wholly refused to pay the same; that after the said work was done and payment demanded, the said Indianapolis, Crawfordsville, and Danville Railroad Company became consolidated with other companies, whose names are to plaintiff unknown, and formed the company known as the Indianapolis, Bloomington, and Western Railway Company; that said indebtedness is still due and unpaid. Wherefore, etc.

The defendant demurred to the complaint, for the reasons that there was a defect of parties, and that it did not state facts sufficient to constitute a cause of action.

The demurrer was sustained, and the complaint held to be insufficient and bad. The plaintiff excepted, final judgment was rendered against him, and he appealed to this court. The only error assigned is the sustaining of the demurrer.

As to the first ground of demurrer, it has been several times held by this court that a demurrer therefor must point out or name the party omitted.

On this point we refer to the following cases in this court: *Gaines* v. *Walker*, 16 Ind. 361; *Musselman* v. *Kent*, 33 Ind. 452.

Upon the ground that the facts stated are not sufficient to constitute a cause of action, we think the demurrer was

properly sustained by the court. Counsel for appellant relies upon the act of December 20th, 1865, amending section 38 of the general railroad law, which reads as follows: "The stockholders shall be individually liable to laborers, their executors, administrators and assigns, for all labor done in the construction of said road, that shall remain unpaid after the assets of the corporation shall have been exhausted." 3 Ind. Stat. 386.

We think that, upon the facts stated, this statute does not create a liability on the part of the railroad company to the plaintiff for the indebtedness in question.

The judgment is affirmed, with costs.

*L. Wallace,* for appellant.

*C. Black, S. C. Willson, L. B. Willson,* and *J. M. Butler,* for appellee.