## DURHAM *v.* BISCHOF ET AL.

PARTIES.—*Demurrer.*—To a complaint alleging that certain named persons (not parties to the action), doing business under a given firm name, executed the notes and contract sued on and filed with the complaint, which notes so filed were signed in said firm name, and the contract contained the full names of the members of the firm, a demurrer for defect of parties was filed on the ground that the firm (the firm name being given) that signed the notes sued on, and with whom the contract was made, should be made parties defendants.

*Held*, that the demurrer was sufficient to raise the question of defect of parties.

SAME.—The defendant had agreed with a certain firm, by a contract filed with the complaint, to compromise and settle all (without specifying any) of the debts of the firm; the plaintiffs, as payees of notes made by the firm, sued the defendant to compel him to pay them.

*Held*, that the members of the firm were necessary parties to the action.

SAME.—*Contract.*—*Reformation of.*—*Cross Complaint.*—Where the defendant had made a contract with a firm, generally, to pay all its debts, and the plaintiffs as creditors of the firm had brought an action on notes made by the firm, and on the contract, to compel payment of the notes, without making the members of the firm parties, and the defendant by answer alleged a mistake in the contract, and sought reformation thereof;

*Held*, that there could be no reformation of the contract, the firm not being made parties to the action, and that the answer was bad on demurrer.

*Held*, also, that the answer should have been in the nature of a cross complaint, to which the firm should have been made defendants.

CONTRACT.—*Notice.*—*Acceptance.*—If, where one makes a contract, generally, to pay the debts of another, and the contract is rescinded and cancelled before the former has notice that the creditor will accept the benefits of the contract, such creditor cannot enforce the contract.

SAME.—*Demand.*—Where one makes a contract with another to pay the debts of the latter, before an action can be maintained against the former by a creditor, a demand of payment is necessary.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush,* for appellant.

*W. P. Britton* and *M. W. Bruner,* for appellees.

BUSKIRK, J.—This was an action by the appellees against the appellant, and was based upon two notes executed by I. B. Guynn & Bro., payable to the appellees, and upon the following written instrument:

" This agreement witnesseth, that whereas Israel B. Guynn and James R. Guynn have this day assigned, transfer-

red, sold, and delivered to William H. Durham their entire stock of goods, now in the Nick Shultz store-room, on Washington street, Crawfordsville, Indiana, together with the safe, furniture, and other fixtures in and about said store-room, owned by them ; and also conveyed to said Durham lots one and two, in Patterson's addition to Crawfordsville, Indiana, together with all the buildings situated thereon ; now, this contract witnesseth, that in consideration of said sale and conveyance of said real estate and personal property to him, the said Durham agrees, by compromise or otherwise, to settle all debts owing by them ; or if such settlement be impracticable, that the proceedings in bankruptcy now pending be prosecuted so as to effect a final adjustment of their business. And said Durham further agrees, that if a compromise be not effected, and bankruptcy is prosecuted, then he will, as one of the creditors, use his influence, and vote for their final discharge, although their assets shall fail to pay fifty per cent. of their indebtedness.

"W. H. DURHAM.

"I. B. GUYNN.

"JAMES R. GUYNN."

The complaint was in two paragraphs, which were, in substance, the same. Each alleged the execution of the notes by Guynn & Bro., copies of which were filed with and made a part of each paragraph, the execution of the foregoing agreement, the transfer of the personal and the conveyance of the real property, in pursuance of said ageement, the sale thereof by Durham, and a demand upon him to pay the said notes, and his refusal, and the conversion of the proceeds of such property to his own use.

To the complaint the following demurrer was filed : "The defendant demurs to the plaintiffs' complaint, for the following grounds of objection, to wit:

"1. Said complaint does not contain facts sufficient to constitute a cause of action against defendant.

"2. There is a defect of parties defendants, in this, to wit, the said I. B. Guynn & Bro., who signed said notes sued

on, and with whom said contract sued on was made, should be made parties defendants."

The demurrer was overruled, and appellant excepted, and this ruling is assigned for error and presents the first question for our decision.

It is insisted by counsel for appellees, that the demurrer is too defective in form to raise any question of defect of parties; that it is not sufficient to say that Guynn & Bro. should have been made defendants, but that their christian names should have been given. It has been several times held, that it is not sufficient for a demurrer to say, that there is a "defect of parties;" but that the demurrer should say, that there is a defect of parties plaintiff or defendant, and should point out the person or persons who should be made a party or parties. *Gaines* v. *Walker*, 16 Ind. 361; *Musselman* v. *Kent*, 33 Ind. 452; *Vansickle* v. *Erdelmeyer*, 36 Ind. 262; *Marks* v. *The I., B. & W. R. W. Co.*, 38 Ind. 440; *Kelley* v. *Love*, 35 Ind. 106.

In *Vansickle* v. *Erdelmeyer, supra,* the court say: "But the demurrer, though it alleges a defect of parties, does not, as required by the practice sanctioned by this court, point out or name the person or persons who should be, but who are not made parties."

The objects of the rule are to enable the court to determine whether the persons named are necessary parties, and, if so held, to punish the party whose duty it may be to bring them in and make them parties, with their names.

This brings us to determine whether the demurrer sufficiently points out or names the persons who, it is alleged, should have been made defendants.

The second ground of demurrer is: "There is a defect of parties defendants, in this, to wit, the said I. B. Guynn & Brother who signed said notes sued on, and with whom said contract sued on was made, should be made parties defendants."

The complaint alleged, that Israel B. Guynn and James B. Guynn, doing business under the firm name of I. B. Guynn &

Bro., executed the notes and contract sued on. The notes and contract were filed with and made a part of the complaint. The notes were signed by the firm name, but in the contract the christian names of the persons composing the firm of I. B. Guynn & Brother are given. It seems to us, that the names of the persons who should be made defendants were sufficiently pointed out and named. The court knew who were intended and their relation to the case. The appellees had their christian names given in their complaint. What more could be required?

Were Israel B. Guynn and James R. Guynn necessary parties? By the contract between them and Durham, he agreed to compromise and settle all their debts. The object of this suit was to compel Durham to pay to the appellees a debt which they alleged I. B. Guynn & Brother owed to them, and such indebtedness was evidenced by notes. In the written agreement between Durham and Guynn & Brother, the debts which he was to compromise and settle were not specified. They were designated as all the debts of Guynn & Brother. The appellees had not obtained any judgment upon the notes against Guynn & Brother. If the contract had specified the debt due the appellees, then Durham would have known that the debt was correct; or if the notes had been merged in a judgment, the same result would have followed. We think the makers of the notes should have been made defendants. The case of *Hardy* v. *Blazer*, 29 Ind. 226, is directly in point. There Sutton & Swan were engaged in the warehouse, storage, and wheat trade, and executed to appellee a receipt for certain wheat, then received by them in store, subject to the appellee, and to be paid for by them at market price. Subsequently Sutton & Swan sold their warehouse to the defendants, who, in part consideration of said purchase, contracted to redeem all outstanding receipts, and fulfil all contracts made by said firm. The appellee demanded of the defendants the wheat, or the money for it, and upon their refusal sued them. This court held, that Sutton & Swan were necessary defendants. That

case cannot be distinguished in principle from the present one. Counsel for appellee attempt to distinguish the two cases upon the ground that there the contract was in parol, while here it is in writing. It is sufficient to say, that in neither case were the debts specified. If the contract in the present case had specified the debt of the appellee, the rule would be different; for in such case Durham would have been justified in paying the debt. Durham was bound by his contract to account to Guynn & Brother and their other creditors, for the application of the proceeds of the real and personal property transferred and conveyed. It was necessary to his protection, that Guynn & Brother should have been parties, and be bound by the judgment. *Bledsoe* v. *Irvin,* 35 Ind. 293.

We think there was a defect of parties defendants, and that the court erred in overruling the demurrer to the complaint.

Did the court err in sustaining the demurrer to the fourth paragraph of the answer? The object of that paragraph was to obtain a reformation of the written contract. It is alleged that the contract, as agreed upon, was, that Durham was to pay all the debts of Guynn & Brother, if the property conveyed and transferred was sufficient for that purpose; that by mistake the draftsman omitted the qualification, but provided for the payment of all of such debts; that the property received by Durham from Guynn & Brother would not pay more than twenty cents on the dollar of their debts. Prayer that such instrument should be reformed, so as to speak the true intention of the parties. The averments in the answer would have been sufficient to have brought the case within the rule laid down in *Allen* v. *Anderson,* 44 Ind. 395, *Baldwin* v. *Kerlin,* 46 Ind. 426, and *Barnes* v. *Bartlett, ante,* p. 98, if the proper parties had been before the court. There could have been no reformation of the contract without Guynn & Brother having been made defendants. The answer should have been in the nature of a cross complaint, to which Guynn & Brother should have been

made defendants.    There was no error in sustaining the demurrer to the answer.

Did the court err in overruling the motion for a new trial?  .

The second paragraph of the answer alleged, that before Durham had notice that the appellees would accept the benefits of said contract, he and the said Guynns had cancelled and rescinded the same.    The proof in support of this paragraph of the answer is most conclusive, and there is none contradicting it.    There is no evidence that the appellees at any time notified Durham that they accepted the terms of the said contract.    If the promise of Durham had been made directly to the appellees, the law would have presumed their acceptance; but the promise was made to Guynn & Brother. Durham acted as the trustee of the creditors of Guynn & Brother.    The promise being made to the debtors, for the benefit of the creditors, authorized the latter to maintain an action on such promise, if they accepted the provision made for them.    It was said by this court, in *Miller* v. *Billingsly,* 41 Ind. 489, that, "in the above cases, the person making the promise, or receiving the money or article, is treated as a trustee for the person for whose benefit the promise was made, or for whose use the money or article of value was received.    It is not necessary that the person for whose benefit the promise was made should have been aware of the promise when it was made.    It is sufficient if such person, when informed thereof, accepts of, and acts upon, such promise.    If he repudiates the benefit intended, he waives any right to enforce the promise."

The complaint alleges a demand of payment of Durham before the commencement of the action.    In such a case, a demand is necessary.    There was no proof showing an acceptance by the appellees, or a demand upon Durham. The court should have granted a new trial.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint for defect of parties, and for further proceedings in accordance with this opinion.