TANNER, Respondent, vs. GREGORY and another, Appellants.

*March 29 — April 17, 1888.*

*Equity: Delivery of stock certificates: Pleading: Appeal to S. C.*

1. A judgment for equitable relief against one of two defendants, who, after his general demurrer was overruled, took no further steps in the action except to join in the appeal, must be affirmed if the complaint states a cause of action for equitable relief and the judgment can be sustained upon the facts stated.

2. A complaint which alleges that the plaintiff is the owner of certain shares of stock in the defendant corporation, and that the corporation has recognized him as such but refuses to deliver to him the certificates therefor, states an equitable cause of action.

3. An answer upon the merits is a waiver of the objection that the complaint does not state an equitable cause of action.

4. A defendant cannot complain because the plaintiff has taken judgment against him for less relief than he was entitled to.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The respondent commenced an action in the circuit court for Ashland county against the appellants, and filed and served the following complaint in such action:

"[Title of case.]

"The plaintiff respectfully alleges and shows to this court:

"1. That the said defendant the *Caledonia Iron Mining Company* is a corporation duly organized by and pursuant to the laws of the state of Wisconsin.

"2. That the said defendant *J. T. Gregory* and certain other persons, on or about October 1, 1885, entered into and formed a joint-stock company, known as the 'Section 6 Iron Mining Company,' for the purpose of prospecting for and mining iron ore, and to sell, ship, manufacture, deal in, and smelt the same, and to purchase, acquire, sell, lease, and rent options, mining leases, and mineral lands; that the

capital stock of said company consisted of and was 20,000 shares, of the par value of $25 per share; that the said *J. T. Gregory* was the owner and holder of 2,500 shares of said stock.

"3. That on November 11, 1885, the said *J. T. Gregory*, for a valuable consideration to him in hand paid by this plaintiff, sold and assigned to this plaintiff 150 shares of said stock, and in writing agreed to deliver to this plaintiff the certificates for said 150 shares of stock so soon as the same should be issued; and this plaintiff was duly acknowledged the owner of said stock by said company and by said defendant corporation, and said transfer was so entered on the books of said company and corporation, and said plaintiff has paid all assessments made upon said stock since November 11, 1885, and the said company and corporation accepted the same.

"4. That on or about December 9, 1885, the said company was duly reorganized as and became a corporation, being the above named defendant, pursuant to and by virtue of the laws of the state of Wisconsin, under the name of the *Caledonia Iron Mining Company*, with a capital stock of 40,000 shares, of the par value of $25 per share,— each of said stockholders in said Section 6 Iron Mining Company becoming the owner of and entitled to a *pro rata* share of the stock of said defendant corporation, according to the amount of stock held by him in said Section 6 Iron Mining Company; and this plaintiff thereupon became the owner of and entitled to 300 shares of the stock of said defendant corporation.

"5. That this plaintiff has repeatedly demanded of said defendant corporation, and prior to the commencement of this action, his certificates for the said 300 shares of stock; but, although the said company has issued certificates of stock to all the other stockholders of said corporation, it has refused and neglected, and still does refuse and neglect, to

issue the said certificates to this plaintiff, to his great and irreparable damage.

"6. That the said defendant *J. T. Gregory* falsely and fraudulently denies the right of this plaintiff to said certificates, and claims that this plaintiff is entitled to certificates for only 150 shares of said stock.

"Wherefore this plaintiff demands judgment against said defendants (1) that the plaintiff is the owner of and entitled to 300 shares of the said capital stock of said defendant company; (2) that the said defendant company issue and deliver to this plaintiff the said 300 shares of stock; (3) that the plantiff may have such other and further relief as he may show himself entitled to, together with the costs of this action."

The defendant *Gregory* answered the complaint, denying its material allegations, and the *Caledonia Mining Company* demurred to the complaint for the reason that the complaint does not state facts sufficient to constitute a cause of action. The demurrer of the *Caledonia Company* was overruled, and the case was tried upon the issues made by the answer of the defendant *Gregory;* and, after hearing the evidence, the court found "(1) that the allegations of the complaint were true; (2) that the allegations of the answer are not true;" and, as conclusions of law, "(1) that the plaintiff is the owner of and entitled to 300 shares of the capital stock of said defendant corporation; (2) that the said company issue and deliver to the plaintiff the said 300 shares of stock; (3) that the plaintiff is entitled to judgment in accordance with the above findings, and for the costs of this action against the defendant *J. T. Gregory.*"

Upon the findings, judgment was entered as follows: "It is hereby adjudged (1) that the plaintiff is the owner of and entitled to 300 shares of the capital stock of said defendant corporation, the *Caledonia Iron Mining Company;* (2) that the said defendant the *Caledonia Iron Min-*

*ing Company* issue and deliver to the said plaintiff, *S. W. Tanner*, 300 shares of the capital stock of said defendant company; (3) that the plaintiff recover of the defendant *J. T. Gregory* forty and 45–100 dollars, costs of this action, and may have execution therefor." The defendants appealed from the judgment.

For the appellants there was a brief by *Miles & Shea*, and oral argument by *Mr. J. J. Miles*. They contended, *inter alia*, that the Section 6 Company was nothing more than a partnership in which *Gregory* held an eighth interest. *Durkee v. Stringham*, 8 Wis. 1; *Bergen v. Porpoise F. Co.* 13 Am. & Eng. Corp. Cas. 1. Even if it had been a corporation, and *Gregory* a stockholder, it would not be bound by his contract to deliver stock. *Joslin v. Stokes*, 5 Am. & Eng. Corp. Cas. 98, 38 N. J. Eq. 31. The officers of the defendant company, by assenting to plaintiff's claim, did not assume any liability for the company or bind it for the delivery of the stock. The consideration was paid to *Gregory*, and the company cannot be compelled to perform his agreement.

For the respondent there was a brief by *Tomkins & Merrill*, and oral argument by *Mr. W. M. Tomkins*.

TAYLOR, J. The mining company did not take any further steps in the case after the demurrer was overruled, except to appeal from the judgment. It took no exceptions to the evidence offered on the trial, nor did it except to the findings of fact or conclusions of law made by the court after hearing the evidence. If the complaint states an equitable cause of action against the company, then the judgment, as to the company, must be affirmed if the judgment can be sustained upon the facts stated in the complaint. All other exceptions to the proceedings in the case were waived by its failing to appear further in the case and take exceptions therein. See *State ex rel. Spring Lake v. Pierce*

*Co., ante,* p. 321. Although the allegations in the complaint are not very specific, yet, giving them a liberal construction, there appears to be enough alleged to show that the corporation, after its organization, recognized the plaintiff as the owner of the 300 shares of the capital stock of said corporation, as claimed by him. If he was such owner of the shares of stock, and recognized as such owner by the corporation, then the corporation held the shares of stock as trustee for the plaintiff, and a court of equity would enforce the delivery of the certificates of such stock. See *Dousman v. Wisconsin & L. S. M. & S. Co.* 40 Wis. 418, 420. So far as the claim against the corporation is concerned, the complaint shows a trust, and not a sale of the stock by the company to the plaintiff. The case, as between the plaintiff and the corporation, does not involve the question whether a court of equity will enforce a specific performance of a contract for the sale of shares of stock in a private corporation. See *Hill v. Rockingham Bank,* 44 N. H. 567; *Cowles v. Whitman,* 10 Conn. 121; *Pollock v. Nat. Bank,* 7 N. Y. 274.

The defendant *Gregory,* having answered the complaint, has waived the objection that the complaint does not state an equitable cause of action. *Peck v. School Dist.* 21 Wis. 516, 522–3; *Tenney v. State Bank,* 20 Wis. 152, 163. The court might have rendered judgment against him, upon the evidence in the case, for the value of the stock he had agreed to deliver to the plaintiff, had the plaintiff desired such judgment, with the costs of the action; and he has no ground of complaint that the plaintiff chose rather to take a judgment against the company for the delivery of the stock than a money judgment against him for the value. Upon the evidence found in the record, it is sufficiently shown that, as between the plaintiff and *Gregory,* the plaintiff was entitled to the 300 shares of the mining company's stock, and *Gregory* cannot complain that the plaintiff took

judgment against him for less relief than he was entitled to.

*By the Court.*— The judgment of the circuit court is affirmed.

LYON, J., took no part.