Vernon, etc., R. Co. *v.* Washington Tp.—48 Ind. App. 309.

VERNON, GREENSBURG AND RUSHVILLE RAILROAD
COMPANY *v.* WASHINGTON TOWNSHIP OF
DECATUR COUNTY.

[No. 7,610. Filed June 30, 1911.]

1. PLEADING.—*Demurrer.—Defect of Parties.*—A demurrer for defect of parties must set out the names of the proper parties. p. 313.

2. PLEADING.—*Demurrer.—Want of Facts.—Defective Parties.*—A demurrer for want of facts does not raise the question of a defect of parties. p. 313.

3. CORPORATIONS.—*Wrongful Transfer of Stock.—Remedies.*—The owner of stock wrongfully transferred upon the books of a corporation may elect to sue in equity or at law. p. 314.

4. CORPORATIONS. — *Stock. — Wrongful Transfers. — Townships. — Railroads.*—A township whose stock in a railroad company was unlawfully sold and transferred, and reissued by the company may, in an equitable proceeding, compel such company to cancel such stock and reissue the stock to such township. pp. 314, 316.

5. SPECIFIC PERFORMANCE.—*Contracts Relating to Personal Property.—Value.*—Specific performance lies to enforce contracts relating to personal property only when such property has a peculiar value. p. 316.

6. CORPORATIONS.—*Wrongful Transfer of Stock.—Reissuing.—Complaint.*—A complaint by a township to compel a railroad company to cancel stock issued to one to whom the township trustee had unlawfully assigned it, and to compel the company to reissue the stock to the township, does not need to contain a prayer for alternative relief in damages in case the court should refuse to order the stock canceled and reissued. p. 318.

7. CORPORATIONS.—*Wrongful Transfer of Stock.—Reissuing.—Complaint.—Value.*—A complaint to compel a corporation to cancel stock unlawfully held by another and to compel the reissuance of such stock to the owner, alleging the par value thereof, but failing to allege the real value, is sufficient, the *prima facie* presumption being that the par value constitutes the real value. p. 318.

From Bartholomew Circuit Court; *Marshall Hacker,* Judge.

Suit by Washington Township of Decatur County against the Vernon, Greensburg and Rushville Railroad Company. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Baker & Richman,* for appellant.
*Donaker & Spaugh* and *Goddard & Craig,* for appellee.

IBACH, J.—Appellant was defendant and appellee plaintiff in the court below. The suit was brought in equity to cancel a transfer of 750 shares of stock of appellant corporation, certificates of which, numbered nineteen, twenty-seven, thirty-five, thirty-nine, forty-five and forty-eight, were assigned by Charles H. Reed, former trustee of the township, to John C. Davie, attorney, delivered by Reed to Nathan G. Swails for said Davie, or for M. E. Ingalls, and afterwards were surrendered to appellant, whereupon new certificates were issued and the shares transferred on the books of the corporation to J. D. Layng. Besides asking that said assignment be declared invalid, appellee also prayed that appellant be ordered to re-register said shares on its books in the name of appellee, and to issue new certificates therefor. The sum of $150 received by Reed as part consideration for the assignment was paid into court. Appellee offered to pay to appellant $10, alleged to be the balance of said consideration.

The original complaint was filed in the Decatur Circuit Court with Charles H. Reed, Dwight W. Pardee, John C. Davie and Nathan B. Swails joined with appellant as parties defendant. Before the cause was put at issue John C. Davie perfected a change of venue to the Bartholomew Circuit Court, where all the proceedings on which error is assigned took place. The complaint was thrice amended, and as it finally stands in the record appellant is the only defendant.

A demurrer to the amended complaint was filed, which assigns the following statutory grounds: (1) The plaintiff has not legal capacity to sue. (2) There is a defect of parties plaintiff. (3) Said amended complaint does not

state facts sufficient to constitute a cause of action against said defendant. (4) As appears upon the face of said amended complaint, there is a defect of parties defendant.

Said demurrer was overruled, an answer in denial was filed, and upon a trial by the court a finding was made for appellee.

A decree was entered that appellee is the owner of said 750 shares of stock as represented by certificates numbered nineteen, twenty-seven, thirty-five, thirty-nine, forty-five and forty-eight; that appellant, by its secretary, assign and deliver said certificates to appellee, and register the stock in its books in the name of appellee; that appellee recover costs; that upon compliance by appellant with the judgment, as aforesaid, appellee pay to appellant $10 for its school supplies, and that the clerk of the court pay to appellant the sum of $150, now held as a tender.

The errors assigned are the overruling of the demurrer to the amended complaint, and of appellant's motion for a new trial. The second of these has been waived by failure to discuss it.

The third and fourth grounds for demurrer have been argued, and, better to consider them, we set forth the complaint in full, omitting the caption.

"The plaintiff, for amended complaint, says: That said plaintiff is a political division of said State for township purposes; that defendant is a corporation organized and existing under and pursuant to the laws of the State of Indiana for railroad purposes, and domiciled therein, with a line of railroad extending from the town of Vernon, into and through the city of Greensburg, in the county of Decatur and State aforesaid, to the city of Rushville, in said State, with the principal office at Greensburg; that said company held its last annual election of officers in said city; that William W. Hamilton is one of the directors of said company, and resides in Decatur county, Indiana; that Dwight W. Pardee is the duly acting secretary of said cor-

poration, and resides in the city of New York, in the State of New York, and that he has the custody of its books, and its stock register book; that the stock of said company is transferred on said book of said company; that heretofore, to wit, on the — day of ———, 18—, said coroporation issued to said plaintiff certain stock, evidenced by its certificates therefor, aggregating 750 shares of the par value of $75,000, being of the stock of said company; that a more particular description of said stock cannot be given for the reason that said plaintiff does not have said certificates nor a copy thereof, and that said defendant railroad company does have the original stock book therefor; that said shares of stock in said company are the property of said township; that thereafter, on September 1, 1902, Charles H. Reed was the duly elected, qualified and acting trustee of said township, and on said date, and while so acting as trustee, said Reed pretended to sell said shares of stock and assign the certificates therefor to John C. Davie, and that he delivered to Nathan G. Swails said certificates, with a written assignment thereon to said Davie, and said township has never since been in possession thereof; that said Swails paid said Reed, as such trustee, the sum of $150, and bartered some school supplies, of the probable value of $10, for said assignment to said Davie, as aforesaid; that said Reed, as such trustee, never gave notice as required by law, or any notice, of the sale of said property belonging to said township, as aforesaid, and no notice of said sale was ever given; that thereafter, on the — day of ———, said stock was transferred on the books of said railroad company in the name of J. D. Layng, whose Christian name is unknown. Said plaintiff further avers that on November 27, 1906, it made a tender of $150 to said Davie, and in writing demanded the return of said certificates to said township, and said tender and said demand were by him refused; that said Davie claimed and claims that $750 was the amount paid by him through said Swails for said stock. Said plaintiff now

brings said $150 into court, and offers it for the benefit of the person to whom the court may decide it belongs, and offers to pay and restore the value of such school supplies, as the court in equity may order and direct. Said plaintiff avers further that on the — day of ———, 1906, it made a written demand upon said defendant, Vernon, Greensburg and Rushville Railroad Company, and before the bringing of this suit, for the cancelation of said pretended assignment of said stock, and that the register of stock of said company shows said plaintiff to be the real owner thereof; that said demand was never complied with, and said defendant has failed and refused, and still refuses, to comply therewith; that said assignment and said claims of said defendant are clouds upon the title of plaintiff to said property. Wherefore said plaintiff prays that it be declared the owner of said stock; that said assignment be found invalid, and held for naught and canceled; that said defendant, Vernon, Greensburg and Rushville Railroad Company, be ordered and directed to register said shares of stock in the name of said township, and issue its certificates therefor; that said court direct said plaintiff to pay said $150 to whom it belongs, and for all proper relief."

It is well established by the Supreme Court of this State that a demurrer for defect of parties must designate the proper parties in order to present a question. The

1. fourth specification of the demurrer in this case is "that, as appears on the face of said amended complaint, there is a defect of parties defendant." This specification does not name the person or persons who should be, but who are not, made parties defendant, and therefore does not properly present the question. As a demurrer

2. for want of facts does not raise the point of defect of parties, appellant is in the same situation as if it had not demurred for defect of parties, and had waived such objection. *Kelley* v. *Love* (1871), 35 Ind. 106; *Gaines* v. *Walker* (1861), 16 Ind. 361; *Vansickle* v. *Erdelmeyer*

(1871), 36 Ind. 262; *Marks* v. *Indianapolis, etc., R. Co.* (1871), 38 Ind. 440; *Musselman* v. *Kent* (1870), 33 Ind. 452; *Durham* v. *Bischof* (1874), 47 Ind. 211; *Leedy* v. *Nash* (1879), 67 Ind. 311; *State, ex rel.,* v. *McClellan* (1894), 138 Ind. 395; *Boseker* v. *Chamberlain* (1903), 160 Ind. 114.

Appellant, in arguing that the complaint does not contain facts sufficient to constitute a cause of action, first announces the elementary propositions that where relief is sought in a court of equity, the complaint must contain facts showing that equity has jurisdiction, and that equity will not relieve if there is an adequate remedy at law. It then claims that in cases where shares of stock have been wrongfully or negligently transferred by a corporation, the injured stockholder has an adequate remedy at law. It further urges that nothing appears in appellee's amended complaint to indicate that the stock sought to be recovered has any value whatever, and that if the shares are worthless appellee ought not to recover, for equity does not concern itself with trifles.

Where shares of stock have been wrongfully or negligently transferred by a corporation, there is, without doubt, a remedy at law. But in such cases the party whose 3. demand for a transfer on the books of the corporation has been refused has a choice of remedies. 4 Thompson, Corporations (2d ed.) §4406, 4420-4423; 26 Am. and Eng. Ency. Law 888.

The complaint in this case is drafted on the theory that appellee was and is still the owner of the stock in suit; that, by a wrongful act of its statutory agent, for a consideration, the evidence of the ownership of the stock 4. was turned over to another, and that the corporation, which is a trustee for the stockholders, allowed the old certificates, evidencing appellee's ownership of the stock, to be canceled, issued new certificates to another, and registered this stock in the name of the other. Appellee does not claim the stock by a merely equitable title, as one asking specific performance of a contract to convey, but claims as the

owner of the legal title, seeking to keep its own, and asking to be relieved from the consequences of a void sale.

The Indiana case most resembling the present one, is that of *Weyer* v. *Second Nat. Bank* (1877), 57 Ind. 198, and appellee's counsel inform the court that on the complaint in that case the complaint in the present case is based. In that case an executor had made a void sale of shares of stock in a bank. After his removal for insolvency, his successor brought suit against the bank and the purchaser to have such sale and transfer set aside, and to compel the issuance to him, as executor, of a certificate of such stock, or to recover the value thereof. The complaint was held sufficient as stating a cause of action against each defendant. There is substantially but one difference between the complaint in the case cited and this one. The complaint in the case cited contained a prayer asking for the reissuance of a certificate, or, if that could not be done, for a judgment for the value of the stock. The prayer in the present case is for cancelation of the assignment and reissuance of the certificate.

Thompson, in his work on corporations, states that "Shares of stock, when the subject of litigation, differ in so far as injunctive relief is concerned from ordinary personal property, that the equitable remedy is regarded as more beneficial and complete than any the law can give. When the proper officers refuse on demand to issue a certificate of stock to a person entitled thereto, he may enforce the issue and delivery of such certificates by a suit in equity. * * * The owner of stock sold under a void order has his remedy in equity to have the certificates issued under such void sale surrendered and canceled. * * * A transferee whose demand for a transfer upon the books of the corporation has been refused, has the choice of either of two remedies. If he prefers to have an interest in the corporation and hold his stock as an investment he may * * * proceed by a suit in equity to compel a transfer on the books of the

corporation and his recognition as a stockholder. But if he chooses, and is willing to accept the market price of the stock as his measure of damages, he may bring an action at law against the corporation for such wrongful refusal and recover the value of the stock as damages.'' 4 Thompson, Corporations (2d ed.) §§4405, 4406, and cases cited.

A suit in equity does not lie for specific performance of a contract concerning personal property, unless it has a peculiar value. But in England shares of stock in a private corporation are held to have such a peculiar value that equity will decree specific performance of a contract for their sale. While American courts have not in all cases gone so far, the most of them have held that a suit in equity will lie against a corporation to compel the transfer of stock on its books. In 2 Cook, Corporations (6th ed.) §391, it is said that a suit in equity is ''the surest, most complete, and most just remedy for compelling a corporation to register a transfer of stock.'' In 20 Ency. Pl. and Pr. 813, it is said that such a remedy is well established, and the one generally pursued.

The reasoning on which these assertions are based is well expressed in the case of Cushman v. Thayer, etc., Jewelry Co. (1879), 76 N. Y. 365, 32 Am. Rep. 315, in which the court said: ''The right of the plaintiff to maintain this action depends upon the question whether an equitable action will lie to compel a transfer of stock by a corporation to the owner of the same, or the plaintiff must seek a remedy by an action at law for damages. The latter action is frequently of no avail, and does not always afford complete and full redress. It is easy to see that a party may have become the owner or purchaser of stock in a corporation, which he desires to hold as a permanent investment, which may be at the time of but little value, in fact without any market value whatever, and its real worth may consist in the prospective rise which the owner has reason to anticipate will follow from facts within his knowledge. To

say that the holder shall not be entitled to the stock, because the corporation, without any just reason, refuses to transfer it, and that he shall be left to pursue the remedy of an action for damages, in which he can recover only a nominal amount, would establish a rule which must work great injustice in many cases, and confer a power on corporate bodies which has no sanction in the law.''

In the case of *Westminster Nat. Bank* v. *New England Electrical Works* (1906), 73 N. H. 465, 62 Atl. 971, 3 L. R. A. (N. S.) 551, 111 Am. St. 637, the court said in words applicable to the present case: ''To deny him relief by specific performance, upon the ground that he could recover damages at law, would be, in effect, to compel him to sell what he already owns at such a price as a jury might think it was worth.''

Additional reasons why such circumstances call for equitable relief are that shares of stock in a certain corporation are frequently not so easily obtained on the market that money damages can be said to be an adequate remedy where the possession of the shares is desired, and that shares often have a peculiar value to certain persons who wish them for the power they will give in controlling a corporation. These different considerations have influenced the courts, until the weight of authority holds that a suit in equity will lie against a corporation for the transfer of stock on its books.

In the present case there is yet stronger ground for equitable relief than if appellee had purchased stock, and the corporation had refused to transfer it on its books, for in this case the title of the property has never passed from appellee; but by a wrongful act of its agent it was deprived of the possession of property which it had held for a long time. These circumstances afford reasons why appellee, if it desires possession of its property, should not be compelled to accept money damages for its injury.

The court in the case of *Read* v. *Cumberland Tel., etc. Co.* (1894), 93 Tenn. 482, 27 S. W. 660, holds that if a corpo-

ration transfers a stockholder's shares upon its books, upon the assignment of the owner's agent, without requiring production of proof of the agent's authority, and the transfer proves to be unauthorized, the company will be compelled, at the suit of the shareholder, to reinstate him in his rights. This case squarely lays down the principle applicable to the present case. In 4 Thompson, Corporations (2d ed.) §4416, the rule is thus stated: "Equity will not only compel a corporation to make the transfer on its books in proper cases, but where stock has been transferred improperly or wrongfully by the corporation the original holder of such stock may by suit in equity compel the corporation to set aside such transfer and restore him to his rights as a stockholder."

The present complaint would be good under the authority of *Weyer* v. *Second Nat. Bank, supra,* without question, if it contained a prayer for alternative relief in damages.

6.  Such prayer is not necessary to make the complaint sufficient, for, upon the facts stated, appellee is entitled to equitable relief, and need not pray for relief otherwise. In the case of *Tanner* v. *Gregory* (1888), 71 Wis. 490, 37 N. W. 830, the court held good a complaint against a corporation asking for the transfer of stock on its books, which contained no prayer for alternative relief in damages. We therefore hold the complaint sufficient to show that appellee has no adequate remedy at law, and that his proper relief is in equity.

Appellant further objects to the complaint, on the

7.  ground that there appears in it no allegations as to the value of the stock, or that the stock has any value, since the only allegation of value is that of the par value of the stock.

This contention is effectually disposed of by the case of *Walker* v. *Bement* (1911), — Ind. —. The court said: "The only objection seriously urged against the complaint is that it does not contain any averment that the stock described in

the mortgage had any market value and that the actual value of said stock is not stated. It is claimed by appellant that under a proper construction of the mortgage, only the actual value of such stock could be recovered; and that the complaint is insufficient for want of an averment showing the market value of such stock at the time it should have been returned, or in the event it had no market value, showing its actual value at such time. The par value of a share of stock in a corporation is *prima facie* its actual value. The complaint contains an averment of the par value of the stock, and this, in the absence of any allegation to the contrary, amounts to an averment that the stock was actually worth its face, and is sufficient as against a demurrer. The complaint must be held sufficient.''

The averment of the par value of the stock in the case at bar is a sufficient averment of value.

The complaint is sufficient, and no other error having been relied on for reversal of the cause, the judgment is affirmed.

Myers, J., did not participate.