## MOORE et al. v. TRUITT, Adm'x.

No. 12881—Opinion Filed Feb. 19, 1924.

### Corporations—Wrongful Transfer and Cancellation of Stock—Equity Relief for Stockholders.

Where an officer of a corporation holds certain stock belonging to T. in trust in the amount of 10,000 shares, and said officer, together with the other officers of the corporation, causes the stock of T. to be canceled on the books of the corporation, and upon demand by T. for said stock refuses to issue him 10,000 share of stock, held, that a court of equity, upon a proper showing, will compel said corporation to issue said 10,000 shares of stock to T., and cause the stock to be registered and placed of record in the proper books of said corporation and deliver same to T.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Bertha M. Truitt, administratrix of the estate of M. W. Truitt, deceased, against B. V. Moore and others. Judgment for plaintiff, and defendants appeals. Affirmed.

The parties will be referred to as they appeared in the court below. Plaintiff's case is set out in her petition which is as follows, omitting the caption and signature of counsel:

"Now comes the plaintiff and for his cause of action against the defendants alleges that the Fairmont Refining Company is a corporation duly organized and existing under and by virtue of the laws of the state of Oklahoma with its principal place of business at Fairmont, Oklahoma, and that the defendants Burton B. Moore, H. B.

Slimp and Fred F. Woelke are stockholders in said corporation and who, prior to January 1, 1920, were the principal officers and managers of said corporation and that the said Burton V. Moore is still the secretary and managing officer of said corporation.

"That on or about the 6th day of October, 1919, the plaintiff, M. W. Truitt, became the owner of ten thousand (10,000) shares of the capital stock of the defendant corporation and the same was delivered to Fred F. Woelke as trustee under the terms of a trust agreement that had theretofore been entered into between the said Burton B. Moore, H. B. Slimp and Fred F. Woelke and others whereby said stock was to be held by said trustee for certain specific purposes set forth in said trust agreement; that plaintiff became the owner of said stock under a fully executed oral contract with the defendants whereby the plaintiff obtained a contract for the defendants with the Quadrangle Petroleum Company, binding said company to furnish oil to be refined by the Fairmont Refining Company at its plant in Fairmont, Oklahoma.

"That thereafter all the parties to said trust agreement mutually agreed that the trust should be terminated by reason of a reorganization of the defendant corporation and that the same was by said reorganization terminated and thereby entitling all of the holders of trustee certificates to have issued to them certificates of the capital stock of said corporation in the amount represented by said trustee certificates and this plaintiff then and there became entitled to have issued to him ten thousand (10,000) shares of said capital stock.

"That after the dissolution of said trust agreement the said Burton V. Moore, H. B. Slimp and Fred Woelke wrongfully and unlawfully caused to be issued by said corporation to themselves, in equal parts, the capital stock of the defendant corporation, Fairmont Refining Company, to which this plaintiff was entitled, and have ever since refused to issue to the plaintiff certificates of the capital stock to which he is entitled and the defendant corporation and its officers have refused and still refuse, to so issue said stock.

"That the said Fred Woelke assumed and was acting as the trustee under said trust agreement and in violation of his said trust he entered into a conspiracy with the defendants Burton V. Moore, and H. B. Slimp, to have the said defendant corporation, through its officers, issue to themselves the capital stock to which this plaintiff was entitled and thereby cheat and defraud this plaintiff out of his stock in said corporation and that demand has been made upon the defendants, and each of them, to deliver, or cause to be delivered to this plaintiff, ten thousand (10,000) shares of the capital stock of said company in lieu of his trust certificate representing such number of shares and the issuance and delivery thereof has been refused.

"That the said defendants, Burton B. Moore, H. B. Slimp and Fred F. Woelke are threatening to transfer their said stock in said corporation, as this plaintiff is informed and believes, and thereby defeat the plaintiff in his right to have certificates issued to him and that they will do so unless they are enjoined and restrained by the court from so doing and that a temporary restraining order should issue until the court can hear the application for a temporary injunction upon notice being given to said defendants.

"Wherefore plaintiff prays judgment against the defendants and each of them for a decree of this court directing and commanding the said defendant corporation, through its officers, to cancel upon the books of said corporation ten thousand (10,000) shares of the capital stock of said corporation belonging in equal proportions to the defendants Burton V. Moore, H. B. Slimp, and Fred F. Woelke, and to issue an equal number of shares to this plaintiff and that pending the final determination of this action that it grant a temporary restraining order and upon hearing a temporary injunction enjoining and restraining the defendants and each of them from transfering on the books of said corporation any certificates of stock now standing in the names of Burton V. Moore, H. B. Slimp and Fred F. Woelke and that said injunction remain in force and effect until the order and decree of the court is fully complied with and that the plaintiff have further judgment for his costs herein and such other and further relief as to the court finds proper in the premises."

During the pendency of the case, the defendant in error, M. W. Truitt, died, and by consent the action was revived in the name of Bertha Truitt, administratrix of the estate of M. W. Truitt. There was judgment for the plaintiff, and defendants appeal. Affirmed.

Dyer & Keim, for plaintiffs in error.

McKeever & Moore and H. J. Sturgis, for defendant in error.

Opinion by MAXEY, C. The plaintiffs in error base their ground for reversal on what they claim to be the insufficiency of the amended petition, and the points relied on are stated as follows:

(1) The court erred in overruling the demurrer to the amended petition of the plaintiff below.

(2) The court erred in overruling the objections of the plaintiffs in error to the introduction of evidence under the amended petition.

(3) There was no equity in plaintiff's bill.

(4) That the judgment as rendered is contrary to law and not within the issues as defined by the pleadings.

The plaintiffs in error take the position that equity has no jurisdiction in the case, as made by plaintiff's amended petition, but that the suit is one at law, and cite numerous authorities in support of their contention. We cannot agree with the plaintiffs in error's contention that a suit in equity will not lie under the facts in this case. This is a suit for the recovery of certain stock which plaintiff claimed was the stock of M. W. Truitt in his lifetime and now belongs to the estate of M. W. Truitt, and she is suing for the specific stock. The defendant in error, plaintiff below, has cited a great many case which she contends supports her theory of the case. We will refer to some of these cases that we think have a direct bearing on the suit at hand. Mr. Fletcher in his work on Corporations very clearly and correctly states the rule as follows:

"Instead of suing at law for conversion, the owner of stock which has been transferred by the corporation on its books under a forged or unauthorized assignment and power of attorney may maintain a suit in equity to compel the corporation to replace the shares on its books in his name, and issue to him a proper certificate, or, in the alternative, to recover a judgment for their value."

The Supreme Court of California had the question before it in the case of Herbert Kraft Co. Bank v. Bank of Orland et al., 65 Pac. 143. In the second paragraph of the case the court laid down the rule as follows:

"Where a party held stock of defendant bank as security, and the bank illegally levied an assessment thereon, and sold it for delinquency at public auction, the holder of the stock was not compelled to resort to a suit for damages for conversion, but could retain its security, and obtain relief in a suit in equity to compel the bank to recognize it as a stockholder, under a prayer for such relief as to the court may seem proper."

The entire opinion in this case tends to uphold defendant in error's contention. The Supreme Court of the United States in the case of Ermance de St. Romes v. Levee Steam Cotton-Press Company, 127 U. S. 614, in the second paragraph of the syllabus, lays down the rule as follows:

"If a corporation has, by negligence, canceled a person's stock, and issued certificates therefor to a third party, who has purchased it from one not authorized to sell it, the true owner is not bound to pursue said purchaser, but may call directly upon the corporation to do him justice by replacing his stock or paying him for its value."

And in the case of Casper v. Kalt-Zimmers Mfg. Co. et al., 149 N. W. 754, the Supreme Court of Wisconsin laid down the rule as follows:

"Assuming that such transfer of stock was tortious, she had two remedies. She could bring her action for damages for the value of her stock wrongfully converted, or she could bring an action to compel a reconveyance of her stock, or, failing in that, for damages. She therefore had at the time the wrong was committed a legal remedy and an equitable remedy for the same wrong."

In the case of Pennsylvania Company v. Franklin Fire Insurance Company, 181 Pa. 40, the Supreme Court of Pennsylvania had the same question here involved under consideration, and in the first paragraph of the syllabus they laid down the rule as follows:

"Equity has jurisdiction of a suit to compel a corporation to cancel a transfer of shares of stock which it has made on the faith of forged powers of attorney, and to reissue the stock to the real owner, or else pay the value thereof, since the corporation is a trustee of the shareholder to protect his title."

And in closing the opinion the court uses the following language.

"We affirm the jurisdiction of equity in this case on the ground that defendant is a trustee for its shareholder, the estate of Charles H. Baker, as to these 50 shares of capital stock; that its legal duty was not only to properly manage and protect the amount of capital contributed by Charles H. Baker, but also to protect his title thereto, so far as to permit no fraudulent or unauthorized cancellation of his certificate."

The following cases sustain the rule that in the kind of a case set out in plaintiff's amended petition a court of equity has jurisdiction: Vernon, G. & R. R. Co. Washington Civil Tp. ex rel. Deem (Ind.) 95 N. E. 599; Ryan v. Seaboard & R. R. Co. et al., 89 Fed. 397. A case very much like the case at bar was before this court in Litchfield v. Henson Oil Co., 53 Okla. 550, 157 Pac. 137. See, also, First National Bank of Sulphur Springs, Texas, v. J. B. Stribling et al., 16 Okla. 41, 86 Pac. 512. The following authorities are, in our judgment, sufficient to sustain the jurisdiction of a court of equity. In fact, it seems to us that it was the only course that the plaintiff could have taken to accomplish what he desired. He owned the stock and the trustee of the corporation

wrongfully canceled his stock and issued other stock to a third party. The purpose, therefore, of the suit is to regain the specific stock which the trustee held, or compel the corporation to issue him the same amount of stock and to cancel the issue of stock to the third party. The trustee and the corporation had not only wrongfully transferred his stock, but has wrongfully canceled it, destroying his certificate, and he is seeking to have stock for a like amount issued to him, and to enjoin the corporation from juggling this stock any further. We think the judgment of the trial court was correct and should be affirmed.

By the Court: It is so ordered.