Parker, C. J.
The objections taken to the verdict are, first, that there is no contract with the corporation, which renders the defendant liable as a member, or entitles him to a share in the stock; that the written paper, signed by the defendant, was made before the company was incorporated, and was, therefore, a contract only with the individuals. But the answer given to this * objection is sufficient, viz. that the act incorporates all [ * 101 ] who might afterwards associate, as well as those who had then associated. The defendant, in fact, signed the paper after the act had passed ; but he must be taken to have signed it on the day it bears date. He cannot dispute this, in order to avoid the burden it imposed on him. And, in addition to this, the transactions between him and the agent of the corporation are enough to constitute him a member; the corporation having also, by various acts, consented to consider him as such.
It is insisted, secondly, that he cannot be a member, without a certificate of his share ; it being provided by the general act upon this subject, that the stock shall be divided into shares, and that cei tificates shall issue to the stockholders. ■ But it was not essential to the existence of the corporation, that certificates should have issued. The corporation might be compelled, if there were a Court of chancery, to give certificates; but still, for want of them, the stock holders would not lose their rights. The defendant never demand ed a certificate. If he had, and it had been refused, perhaps he might have declined being a member. But a certificate was, in fact, offered to him before this action was brought.
In the third place it is objected, that the corporation has never been duly authorized under the statute, and that therefore no con *86 tract has been made with them, and they have no right to maintain this action. The statute requires that the first meeting shall be called by a major part of the persons incorporated. David King and Leister King, who were partners in trade, were named in the act of incorporation ; and to the advertisement for calling the meeting, the name of the firm is signed. Considering this as one signature, there was not a majority ; taking the names separately, there was. We think that this objection cannot be made by one of the company, after they have in fact been organized, and for several years transacted business as a corporation. But if it were other- [ * 102 ] wise, we * think it would be right to consider the advertisement as signed by each of the partners, the one who actually signed acting for the other.
As to the fourth objection, which was to the recovery on the count for goods sold and delivered, on the ground that the plaintiffs were prohibited from trading, it cannot avail. The legislature did not intend to prohibit the supply of goods to those employed in the manufactory. Besides, the defendant cannot refuse payment on this ground ; but the legislature may enforce the prohibition, by causing the charter to be revoked, when they shall determine that it has been abused.
To the fifth objection it is a sufficient answer, that a demand, if necessary, shall be presumed after verdict. The objection should have been taken before the jury retired ; because the fact of a demand might have been proved.
The plaintiffs can recover nothing beyond the amount of the de-$ fendant’s subscription and interest thereon. There is no promise to pay assessments, but only an agreement that, if 500 dollars per share should be insufficient, assessments might be made; evidently meaning to place them upon the common ground of assessments, which are to be enforced by a sale of the shares.

Judgment on the verdict.