*Gardiner, J.
 

 The Misses Pollock were the * 0-7»
 
 i 1
 
 -* acknowledged owners of fifty shares of stock of the National Bank, standing in their names on the books of that institution, with the certificates, the evidence of their title, in their possession. This stock was subsequently transferred from their names to the names of other persons, by the permission of the bank, which received and cancelled the original certificates, and has ever since refused to pay dividends to the complainants, or in any way to recognise them as stockholders in the institution, and denied their title to, or any interest in, the capital stock of the bank. All this has been done, without any authority or assent, express or implied, upon the part of the true owners; and the question is, are they entitled to any relief?
 

 It is said, that inasmuch as the transfer was made by virtue of a forged power of attorney, the stock is still the property of the complainants. But a title to stock,
 
 *278
 
 in the abstract, without any legal evidence of such title, without the power of sale, or of obtaining dividends, is not the ownership which the complainants once possessed, and of which they have been deprived by the agents of the bank. They held certificates; these the bank have cancelled, and instead of issuing new ones to the complainants, it denies their right altogether. It was said, that there was no proof that the power of attorney was forged; but the answer is, that the ^original title of the Misses Pollock is admitted, and if the bank sets up a title derived from them, *-
 
 1
 
 in bar of their claim, it must be proved. The affirmative of the issue is with the respondent.
 

 The technical objection as to the form of the remedy is not well founded. This is not a cross-bill, in any sense. The complainants seek affirmative relief, which the bank refuses, upon the ground that the complainants have no claim to any stock, but have duly parted with all their title. I think, the bank is bound to issue new certificates, and account for the dividends, or if, upon inquiry, it should be ascertained that it has no stock which it can transfer to the names of the complainants, then it should pay to them the value of the shares owned by them, according to the prayer of the bill. The decree of the supreme court should be reversed, and a decree made in accordance with the prayer of the complainants’ bill.