## MIDDLEBROOK a. MERCHANTS' BANK.

*Supreme Court, First District; General Term, March, 1864.*

FOREIGN EXECUTOR.—ASSIGNEE'S RIGHT TO SUE.

An executor who has obtained probate of the will and letters of administration in a sister State, where the testator was domiciled and died, and where the executor resides, can dispose of personal assets situated in this State, without taking out letters ancillary here ; although such ancillary letters would be necessary to enable him to sue here.

Hence, his assignee of bank stock is entitled to a transfer of the stock, and may sue here to compel a transfer if refused by the corporation ; and in such case it is immaterial whether the assignment and the power to transfer were executed in this State, or in such other State.

Appeal from a judgment.

This was an action to compel the defendants, a banking corporation, to allow the transfer of one hundred shares of their stock, standing in the name of Robert Middlebrook, deceased, to his son, Louis N. Middlebrook, the plaintiff. The deceased was a resident of Connecticut, and died there, leaving a will by which he gave to the plaintiff a legacy, payable in bank stock, to be selected by the plaintiff and appraised. He appointed three persons, resident in Connecticut, his executors. The executors proved the will in the Probate Court for the district of Bridgeport, Conn., letters testamentary were granted to them, and they proceeded to settle the estate according to the will. The testator held stock in the Merchants' Bank of the city of New York, the defendants in this action, and in five or six other banks in the same city. The plaintiff selected one hundred shares of the stock in defendants' bank as a part of his legacy ; the shares were appraised, and the executors ex-

ecuted, in Connecticut, a transfer of the shares to the plaintiff, who applied to the bank for leave to transfer them into his own name on the transfer books of the bank. The bank refused to allow the transfer, on the ground that the executors had no right to dispose of these shares without first taking out letters testamentary in this State.

The decision below is reported 14 *Ante,* 462, *note.* From that decision the defendants appealed to the court at General Term.

*Benjamin W. Bonney,* for the defendants and appellants.

*E. Seeley,* for the plaintiff and respondent.

SUTHERLAND, J.—It is not necessary to examine or determine the question whether the personal estate of the testator, on his death, vested immediately in his executors, the plaintiff's assignors, and before the will was proved, and they qualified as executors.

The bank put its refusal, to permit the transfer, solely on the ground that letters testamentary or of administration had not been taken out in the State of New York.

Before the assignment to the plaintiff and the refusal of the bank to permit the transfer to him under the power of attorney, the executors had exhibited to the officers of the bank documentary evidence of their title as foreign executors.

The ground upon which the bank refused to permit the transfer to the plaintiff, and the ground upon which the counsel of the bank, upon the argument, insisted it was justified in so refusing, was, substantially, that the bank was not obliged to recognize the title of a foreign executor, or a title from or through a foreign executor. In this I think the bank and its counsel were mistaken.

The cases in this State only show, I think, that the courts in this State will not recognize the right of a foreign executor or administrator to sue in the courts of this State, under or by virtue of his foreign letters testamentary or of administration. (Parsons *a.* Lyman, 20 *N. Y.*, 103, and cases there cited.)

I suppose there is no reasonable ground for saying or doubting that the title to a testator's bank stock in this State, as well as to all his chattels and personal estate, wherever situate or

being, vested in his executors, either by the will on his death, or by the issue of letters testamentary to them, or both.

Having the title of the bank stock in question, they had a right to assign it to the plaintiff, and to execute the power of attorney authorizing the transfer to him.

I do not know that it has ever been questioned but that even a foreign statutory bankrupt proceeding passed the title to the bankrupt's property here, as between the bankrupt and his assignees.

The cases in this State only go to show, I think, that the plaintiff's assignors, as Connecticut executors, could not have maintained an action against the bank for refusing to permit them to transfer the shares. Perhaps you may say that the bank was not legally bound to permit the transfer on the demand of the executors before the assignment to the plaintiff, because the executors could not, as foreign executors, bring an action for such refusal in their own names, as such executors; but if the executors could and did transfer the shares of stock to the plaintiff, and could and did execute the power of attorney for its transfer on the transfer books, the bank, I think, was bound to recognize the plaintiff's title to the stock, and his right to have it transferred to him on the transfer books, and for refusing to permit such transfer, I think the bank is liable in this action, brought in the name of the assignee of the executors.

It is utterly immaterial whether the assignment to the plaintiff, and the power of attorney for the transfer of the stock, were executed in Connecticut or in this State.

The judgment should be affirmed with costs.

CLERKE, J., concurred.

LEONARD, J.—The law of the foreign domicil of the testators and the executors governs in respect to the transfer of personal property, except, perhaps, where the transfer interferes with the remedy of domestic creditors in the courts of the State where the property is situate. And I concur in the opinion that the judgment should be affirmed with costs.