# N. Y. COMMON PLEAS.

## ANNA M. CUSHMAN agt. THE THAYER MANUFACTURING JEWELRY COMPANY.

*Corporations — action to compel a transfer of stock.*

An action or bill in equity may be maintained against a corporation, on behalf of a holder of its stock, to compel a transfer to him by the company on its books.

A court of equity, in a proper case, may decree the transfers of shares of stock on the books of the company.

The customary action by a party injured by the refusal of a corporation to make transfer to him, is an action at law for damage in which he is entitled to recover its full market value.

But where the shares of the capital stock of a corporation have no market value upon which an assessment of damages in an action at law could be based, their value depending upon the future operations of the company, the company having it in their power to suspend its operations *in toto* so as to make the stock of no value, and thus decrease the law damage to a mere trifle, the capital stock being limited and not easily, if at all, procurable in the market, the transfer of the shares owned by plaintiff being effected in fraud of her rights by her husband and one Beales, the transferee, and made on the books of the company by the officers of the company in bad faith, the original certificates not being produced nor properly accounted for, and the transfer being made to one of the officers of the company:

*Held,* that the equitable power of the court may be invoked and the company compelled to transfer the shares of stock to plaintiffs on their books.

*Special Term, April,* 1877.

ACTION in equity to compel defendants to transfer upon the books of the corporation certain stock to plaintiff, and to issue new certificates for the same stock to the plaintiff.

Cushman agt. Thayer Manufacturing Jewelry Co.

*Richard C. Elliott*, for plaintiff.

*H. F. Anderson* and *Robert Sewell*, for defendant.

J. F. DALY, *J.* — I am not able to find the report of a case in which a court of equity has entertained an action or bill against a corporation, on behalf of a holder of its stock, to compel a transfer to him by the company on its books; but it is equally true that no authority against such an action or bill can be cited. The customary action by a party injured by the refusal of a corporation to make transfer to him, is an action at law for damage, in which he is entitled to recover its full market value. The leading case in this state on this subject (*Commercial Bank of Buffalo* agt. *Kortright*, 22 *Wend.*, 348) established the right to maintain the action for damages, but did not deny the power of a court of equity to entertain a suit to compel the transfer, a power asserted by the chancellor in his dissenting opinion in that case.

The numerous cases in England and the United States holding that the owner of stock has no right to the remedy by mandamus to compel the transfer, because, as it is said, in those cases he has a complete remedy by action for damages, do not affect this question, except as showing and explaining the reason for the statement by the several judges that the action for damages is a complete remedy; that is, because with his damages so recovered, being the market-price of the stock, plaintiff can go into the market and replace the shares (*Shipley* agt. *Mechanics' Bank*, 10 *J. R.*, 484; *Rev.* agt. *Bank*, *Doug.*, 524). This is said also to be the reason why agreements to sell stock will not be enforced in equity, by the vice-chancellor in *Duncuft* agt. *Albrecht* (12 *Simons*, 189); but the stock spoken of was three per cent, or "stock of that description which is always to be had by any person who chooses to apply for it in the market," and the vice-chancellor decreed specific performance of a contract to sell certain shares of the capital stock of an incorporated railway com-

pany, which he distinguished from the stock above referred to, for the reason that the shares of a particular company " were limited in number and not always to be had in the market." This distinction has not been observed in any American case, but was the basis of the decree made by the vice-chancellor, he observing that " no decision had been produced to the contrary," and that he deemed such shares a " subject with respect to which an agreement may be made which the court of chancery will enforce." This decision was affirmed by the chancellor. The same distinction was made in effect in *Adderly* agt. *Dixon* (1 *Simons & Stuart*, 610), an action to compel specific performance of a contract for the sale of debts in bankruptcy. The decree was made, the court saying that while specific performance of a contract for the sale of stock or goods would not be decreed, because damages at law calculated upon the market-price of the stock or goods are as complete a remedy for the purchaser as the delivery of the thing itself, inasmuch as with the damages he may purchase the same quantity of goods or stock, yet, in the case of the sale of debts, upon which dividends would be made, damages at law could not accurately represent the value of the future dividends, and to compel this purchaser to take such damages would be to compel him to sell those dividends at a conjectural price.

In *Pollock* agt. *National Bank* (7 *N. Y.*, 274) a decree was made compelling the bank to issue new certificates of stock where the original certificates had been given up to the bank and destroyed, and the shares transferred on its books by virtue of a forged power of attorney; the decree provided that if the bank had no stock to issue, judgment for the value of the shares should be entered. All the objections which could be urged against a decree to compel transfer on the books were urged against such decree, to compel the issue of new certificates, by the learned judge who wrote the dissenting opinion in that case, but he stood alone in his position as to the proper remedy in the case.

Cushman agt. Thayer Manufacturing Jewelry Co.

We have authority, therefore, for the following propositions : That, as between vendor and vendee of shares of stock in incorporated companies which shares are not to be easily had in the market owing to the limited stock of the company, or which have no market value and depend upon the future dividends for any value they may possess, such shares are a subject with respect to which an action in equity for specific performance may be maintained (*Duncruft* agt. *Albrecht, supra ; see also Aderly* agt. *Dixon, id.*). And that as between the owner of shares and the company resisting his claim as stockholder and setting up the claims of another as such owner, a decree in equity for the issue of new certificates may be had where the original certificates were wrongfully surrendered and thereafter destroyed in good faith by the bank, and certificates issued and transfer made to such other party (*Pollock* agt. *National Bank, supra*).

With this exercise of equitable power over such subject-matter before us, it seems not difficult to hold that in a proper case transfer of shares on the books of the company may be decreed.

I regard this as a proper case for the following reasons : The shares of the capital stock of the defendant, the Thayer Manufacturing Jewelry Company, have no market value upon which an assessment of damages in an action at law could be based ; their value depends upon the future operations of the company, and if plaintiff were remitted to her action at law damages, the officers of the company have it in their power to suspend its operations *in toto*, so . as to make the stock apparently of no value, and thus decrease the damages to a mere trifle. The capital stock is limited and not easily, if at all, procurable in the market. The transfer of the shares owned by plaintiff was effected in fraud of her rights by her husband and Mr. Beales, the transferee, and made on the books of the company by the officers of the company in bad faith, the original certificates not being produced nor properly accounted for, and the transfer being

made to one of the officers of the company. It is the duty of the company to resist the transfer on its books without production and surrender of the outstanding certificates, or proof of loss or destruction, and proof that the real owner has applied for a new certificate (*Smith* agt. *The American Coal Co.,* 7 *Lansing,* 321).

The defendant having waived on the trial all objection to the action or the relief demanded based on the fact that the transferee, Mr. Beales, was not a party to the action, the plaintiff may have the judgment demanded in the complaint, with costs.