ANNA M. CUSHMAN, Respondent, *against* THE THAYER MANUFACTURING JEWELRY COMPANY, Appellant.

(Decided January 7th, 1878.)

An action may be maintained by the owner of stock in a corporation against that corporation to compel it to transfer the stock upon its books.

Such an action is an equitable one, and the defendant is not entitled to a trial by jury.

APPEAL by the defendant from a judgment for plaintiff, entered upon a decision made by Judge JOSEPH F. DALY, at special term.

This action was brought by Anna M. Cushman against the defendants, a New York corporation, to obtain the transfer to plaintiff, upon the books of the defendant, of nineteen thousand five hundred shares of stock by defendant upon their books, and the issue to her of a certificate of such stock.

The original certificate of stock was issued to Peter B. Cushman (the plaintiff's husband), who was one of the incorporators of the defendant. Peter B. Cushman, on or about the 26th day of January, 1875, transferred the same to plaintiff. It was admitted by the pleadings that plaintiff, before this action was commenced, presented the original certificate of stock, with the assignment thereon to herself, to the defendant's proper officers, and offered to surrender the said certificate and demanded the right to transfer the same, and that defendant issue a certificate to her, and that the defendant refused to allow the transfer and refused to issue the new certificate.

The answer of the defendant alleged that said Peter B. Cushman, on or about April 19, 1875, sold and transferred said stock to Leonard S. Beals, and caused the same to be transferred to said Beals on the company's books, and that said Beals was the owner.

At the opening of the trial defendant demanded a trial by jury, which was refused, and an exception was taken. An

exception was also taken to a refusal of the court to dismiss the complaint. The motion to dismiss was upon the following grounds: That no cause of action was stated in the complaint or proven; that the case was one for trial by jury; that if any cause of action was stated, it was not one for equitable relief; that there was nothing in the case to show that full and complete compensation could not be awarded to plaintiff by a judgment for damages; that there was no proof of any damage whatever.

*Robert Sewell*, for appellant.

*Richard C. Elliott*, for respondent.

CHARLES P. DALY, Chief Justice.—Various exceptions were taken by the defendant upon the trial, most of which it would be unnecessary to consider, as the defendant has not relied upon them in his points, or discussed them upon the argument of the appeal. It will be necessary, therefore, only to pass upon the questions raised by the defendant's points and argued on the hearing of the appeal.

The action was an equitable one, to compel the transfer of the stock upon the books of the company, and was not one in which the plaintiff was entitled to a trial by jury, the relief asked for being purely one of equitable cognizance.

The main point discussed by the appellant is, that an action of this nature will not lie; the plaintiff having a remedy in an action for damages.

That an equitable action may be brought to compel a transfer of stock has been recognized in several cases—In *Middlebrook* v. *The Merchants' Bank of N. Y.* (41 Barb. 481; 18 Abb. Pr. 109; 27 How. Pr. 474), an action was brought to compel the bank to transfer certain stock to the plaintiff, and the judgment rendered was one directing the bank to make the transfer, which was affirmed by the Court of Appeals. (3 Abb. Ct. of Ap. Dec. 295.) It was held by the Court of Appeals that the plaintiff's demand had been wrongfully refused by the bank; and no question was made

either in the court below or in the appellate court, as to the right to maintain such an action. That there is such a remedy appears to have been recognized in *Bank of Attica* v. *Manufacturers', &c., Bk.* (20 N. Y. 501) ; in *Pollock* v. *The National Bank of N. Y.* (7 N. Y. 274); and in the *Com. Bank of Buffalo* v. *Kortwright* (22 Wend. 360), in which case Chancellor Walworth, certainly a very good authority in respect to matters of equitable cognizance, said that the plaintiff might file a bill to compel the bank to allow the transfer of the stock to the purchaser ; and see *Chester Gloss Company* v. *Davey* (16 Mass. 94) ; and Angel & Ames on Corporations, § 565, 8th ed.

A mandamus to transfer such a transfer was refused in *Rex* v. *Bank of England* (Doug. 523) ; *Shipley* v. *Mechanics' Bank* (10 Johns. 484); and *Exparte Fireman's Ins. Co.* (6 Hill, 243). But a mandamus is a common law proceeding, and the ground assigned by Lord Mansfield for the decision was, that when there is no specific remedy the court will grant a mandamus that justice may be done ; and as an action would lie for complete satisfaction equivalent to specific relief, and the right of the party applying was not clear, the court could not interpose the extraordinary remedy by mandamus.

It does not follow from this that there is no remedy in equity to compel such a transfer. An action at law will lie to recover damages for the breach of a contract to convey land, but a court of equity will, notwithstanding, compel a specific performance, and require the vendor to execute a deed. An action to compel a corporation to transfer stock is analogous in its character. A party may not desire to sell his stock. It may be a valuable investment with a prospect of its gradual increase in value, and there is no reason why the owner of the stock should be compelled, because the corporation will not transfer it, to resort to an action for damages in which he can recover only the value which the stock may have when he obtains his verdict; for it does not follow, as in the ordinary case of merchandise, that the party, upon receiving the pecuniary value of the stock, can repossess himself of the same amount again, as there

may be none of it for sale ; it being a circumstance of very common occurrence that there are stocks so valuable and so much desired by the holders as paying investments, that they rarely come into the market for sale.  The owner, therefore, may desire to keep the stock as a valuable and highly remunerative investment for the same general reason that the vendee may prefer to have the land he has purchased, instead of a pecuniary compensation, because the vendor will not convey it to him.  With the sanction in favor of an equitable action of this description, afforded by the cases which I have cited, I think we should hold that such an action can be maintained, leaving the question to the court of last resort, as their decision would be final.

I do not see that there was any occasion for a demand on the part of Thayer.  The judge found that there was a valid transfer of the stock to the plaintiff, and that she has ever since been the owner and holder of it.

Thayer was authorized by the assignment to make the necessary transfer to her in the books of the company, and for all that appears in the case, may make the transfer at the plaintiff's request; or, if he should not be willing to do so, that would not deprive the plaintiff of her right as the true owner to have it transferred to her on the books of the company.

It is no answer to her claim that her husband afterwards sold the same stock to Beal, and that the company allowed the transfer of the stock to Beal by the plaintiff's husband, as they did it improperly, by allowing the transfer to be made without the surrender of the certificate.  At all events, so far as respects the rights of Beal or his claim, it was suggested by the court below that he should be made a party to the action ; whereupon the plaintiff and the defendant agreed that the action could proceed without his being made a party, and requested that it might so proceed ; and a formal entry was made in the minutes, that the defendant made no objection that Beal was not a party.  They have, therefore, waived such protection or benefit as they might have obtained by compelling the

plaintiff to make Beal a party, so that it might be determined and be conclusive as against him, whether the plaintiff was the true owner of the stock and entitled as against any claims that he had to have the stock transferred to her.

The judgment, in my opinion, should be affirmed.

VAN HOESEN and LARREMORE, JJ., concurred.

Judgment affirmed.*

---

* The decision here was affirmed by the Court of Appeals, March 18th, 1879.