SUSIE M. DONAGHUE, Respondent, v. DI GIORGIO FRUIT COR-PORATION and Others, Appellants.

ARTHUR J. BENNETT, Respondent, v. DI GIORGIO FRUIT COR-PORATION and Others, Appellants.

First Department, December 18, 1928.

*William C. Cannon* of counsel [*David E. Hudson* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed*, attorneys], for the appellant Di Giorgio Fruit Corporation.

*Harry R. Kohn*, for the appellants G. & A. Seligmann.

*Chester T. Krouse* of counsel [*MacLean, Krouse & MacLean*, attorneys], for the respondents.

McAvoy, J.   Two judgments were entered against the defendants Di Giorgio Fruit Corporation and a partnership known as G. & A. Seligmann. . Plaintiffs were two stockholders in the Di Giorgio Fruit Corporation and the actions were brought by them to recover judgments based on the wrongful transfer of their corporate stock by that company.   Demand for judgment was made for the delivery of the stock or, in case it could not be delivered,

the value of the stock. At the end of the case plaintiffs elected to demand money judgments instead of the corporate stock, the value having fallen from $76 to $10 a share. The learned court did not rule on the right of the plaintiff to change its demand for relief at the time, but in the decision and judgment granted this relief, and money judgments were entered as though the complaint had been so amended.

The ground of the complaint was that the Di Giorgio Fruit Corporation received, canceled and issued new certificates of stock to third persons without authority, whether by indorsement, power of attorney or proper assignment of the certificates of stock to the new holder.

Defendants Seligmann were brought in by defendant Di Giorgio Fruit Corporation because they had guaranteed the alleged forged signatures of the plaintiffs to the assignments on the stock certificates and were thus liable over to that defendant. The certificates were in possession of two men known as Tompkins and Lange, who secured the certificates from the plaintiffs for the alleged purpose of using them as evidence on a trial in an action in Chicago, said to have been based upon fraudulent sale of these stocks. These persons promised to deliver collateral in place of the certificates and secured paper writings signed by the plaintiffs and Tompkins reciting the delivery of a Liberty bond as collateral, stating that the stock certificates would be returned if the collateral was returned on demand, but such demand was not to be made unless the " case does not materialize."

Neither the exhibits nor the transfer confer any authority on these two persons to indorse the names of the plaintiffs or to make an assignment of the stock certificates or transfer them to any one. Possession of unindorsed certificates alone did not clothe the holder with authority to indorse or forge the names of the owners. The exhibits showed that the thieves held certificates belonging to other persons, and no language contained therein gave them the right to sign and indorse the names of the owners. If it be said that the instrument was a power of attorney, the certificates were not indorsed by the forger as such attorney, and no apparently clothed authority was thus used to deceive the defendants.

Nothing in the record discloses that either of these two swindlers relied upon this so-called receipt or used it for the purpose of showing their authority to indorse the certificates, and the Di Giorgio Fruit Corporation apparently relied solely on the indorsements being guaranteed by G. & A. Seligmann. The defendants were, therefore, liable for the delivery of new stock in an equity suit, if such were deliverable, or for damages at law as for conversion. The

latter relief the plaintiffs endeavored to secure by motion at the end of the trial, since the stock had fallen considerably in value. Defendant Seligmann objected to this request because it alleged that the appellants were thereby deprived of their constitutional right to a trial by jury, and asserted that it was not shown on the trial that the defendant Di Giorgio Fruit Corporation could not grant the equitable relief demanded, that is, the issuance of new shares.

Technically ruling, the learned trial court should have allowed the amendment to change the action to one at law and then proceeded either upon consent to determine the issue itself based upon that theory of damages, or should have sent the matter to a jury trial, if demanded, on the facts with respect to conversion, after the amendment had been granted and an adjournment, if necessary, had for the purpose of preparing for such issues as would thus be raised.

The correct method, however, of disposing of the action by remanding it to a jury trial would have had no effect upon the rights of the defendants in this case. The primary question was whether or not the making of this so-called receipt and the handing over of the stock certificates to these two swindlers operated as a divesting of title of plaintiffs to their stock and the clothing of these rogues with the right to sell or transfer the same so as to vest title in innocent third parties who had no notice of the fact of forgery. This was a question of law based upon what were conceded facts. The proof raised only an issue of law as to whether title vested in the wrongdoers so that innocent parties acquired title. The amount of damages would have been at jury risk if it were not conceded that at the time of the conversion the stocks were worth the sums that were actually given in judgments rating the stock at seventy-six dollars a share. The sole questions of fact which otherwise would have been resolved by a jury, were not the subject of any dispute. Neither did the plaintiffs elect at the beginning of the equity suit to rely solely upon the recovery of the shares of stock. They had an alternative plea for the money value in case the stock could not be issued by the defendant Di Giorgio Fruit Corporation. This was the equivalent of a plea for money damages in case such stock was worthless at the time of trial or of such value as to amount to much diluted relief if it were secured. The relief demanded by amendment was not inconsistent with the prayer, and the remedies not being inconsistent, an election to take the one did not preclude the revoking of such election and demand for other relief.

We do not find that any rights of defendants to have the facts

resolved by jury trial were prejudiced by the decision. A directed verdict would have been proper upon the facts, providing the questions of law were decided against the defendants with respect to the alleged transfer of the certificates by delivery and the effect of the receipts.

The judgments should be affirmed, with costs.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

In each case: Judgment affirmed, with costs.