ALBERT E. SLEIGHT, PLAINTIFF-APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF PATERSON, DEFEND-ANT-RESPONDENT.

HENRY B. CROSBY, PLAINTIFF-APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF PATERSON, DEFEND-ANT-RESPONDENT.

Argued January 20, 1932—Decided April 9, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellants, *William B. Gourley.*

For the respondent, *Harold D. Green.*

PER CURIAM.

These cases are similar, if not identical, in character and they are before us upon judgments final resulting from the striking out of complaints.

The complaints aver that the respective appellants performed services for the appellee in preparing plans and specifications for two certain proposed new school buildings, basing their right of recovery for reasonable worth and value upon the estimated costs of such respective buildings against which demands each gives credit for the sum of $4,000 paid on account of such services.

The defendant below answered and counter-claimed, and in such answers reserved the right to "object that the complaint discloses no cause of action, as defendant was unable to enter into any contract or incur any obligation with plaintiff, as alleged, as defendant had no money appropriated or authorized for such purpose."

The trial court struck out the complaints.

In each instance the finding was, "on the ground that it discloses no cause of action."

We must assume that this finding was based upon the objection contained in the notice reserved in the answer, namely, "as defendant had no money appropriated or authorized for such purpose."

This is urged here by the appellee under sections 61, 74, 75 and 76 of the General School law (4 *Comp. Stat., pp.* 4743, 4746, &c.), and further under section 129, of the same act (4 *Comp. Stat., p.* 4769), as to which latter insistence we think the appellee may have and take nothing, because it was

not included in or comprehended, nor for anything we have before us, urged or argued below. (Rules 42 and 43, Practice act, 1912.)

But this is of no moment as all of the objections are, in effect, that the alleged contracts are *ultra vires* the power and authority of the board of education to enter or engage in.

The appellants advance and urge three grounds why these judgments are erroneous and should be reversed. They are:

1. An architect can recover on a *quantum meruit* for services rendered by him to a city board of education, at its request, in the preparation of plans and specifications for a contemplated school building.

2. The board of education had power to engage plaintiffs and they were not bound to scrutinize the corporate proceedings concerning their compensation.

3. Nor could the defendant prevail if the question here touched the allegation of *ultra vires* as set out in the respective answers. (1) We think that point one is fully and completely answered against the insistence of appellants by *Board* v. *Montclair,* 76 *N. J. L.* 59; *Montclair* v. *Baxter, Ibid.* 68; *Ely* v. *Newark, Ibid.* 532; *Wendell* v. *Hoboken, Ibid.* 499; *Niles* v. *West New York,* 70 *Id.* 1; *Fletcher* v. *Board,* 85 *Id.* 1, and *Potter* v. *Metuchen,* 9 *N. J. Adv. R.* 393.

That there were no funds legally available to meet the obligations under these contracts is definitely determined by the stipulations of counsel entered into at the time of the argument of these causes before this court and made a part of the record and state of case, namely:

"That the board of education did not prepare and deliver to each member of the board of school estimate a statement of the amount of money estimated to be necessary for the purpose of paying the architect in these cases nor did the board of school estimate fix and determine the amount necessary for this purpose nor was any special appropriation made for such purpose."

Further, there is nothing in the record before us establish-

ing, or even suggesting, that the board of education had any other appropriation or fund in hand which could be legally devoted to such purposes. (2) In substantiation of point 2, appellants cite *Bigelow* v. *Perth Amboy*, 25 *N. J. L.* 297; *Wentink* v. *Passaic*, 66 *Id.* 65, and *Potter* v. *Metuchen, supra.*

An examination of these cases and a comparison of them with the facts and circumstances of the cases *sub judice* will immediately show that they are inapplicable. (3) Finally the appellants urge that even if their contracts were *ultra vires,* inasmuch as they fully performed them, the board of education is estopped from urging such plea or ground as a bar to their actions, citing *Board of Education* v. *Surety Co.,* 83 *N. J. L.* 293.

But we conclude that appellants misconstrue this case. There the board of education had entered into a contract with one Steelman to erect a school building and he, as principal, with the Empire State Surety Company, as surety, had entered into a bond for the faithful performance of such contract. For failure of performance of the contract by Steelman, the board of education brought suit upon the bond and the defendants pleaded, in bar of the action, that the contract was *ultra vires* because prior to the making thereof the plans and specifications had not been submitted to and approved by the state board of education. It was held by the Supreme Court that such plea was no bar to the action because the board of education in its complaint averred full performance of the contract on its part.

Appellants cite the folowing portion of this opinion: "It is settled in this state that a corporation cannot avail itself of the defense of *ultra vires* when the contract has been in good faith fully performed by the other party and the corporation has had the full benefit of the performance. *Camden and Atlantic Railroad Co.* v. *Mays Landing and Egg Harbor City Railroad Co.,* 48 *N. J. L.* 530. The same rule holds *e converso.* If the other party has had the benefit of a contract fully performed by the corporation, he will not be heard to object that the contract and performance were not

within the legitimate powers of the corporation. *Chester Glass Co.* v. *Dewey,* 16 *Mass.* 94; *Rutland and Burlington Railroad Co.* v. *Proctor,* 29 *Vt.* 93; *Union National Bank* v. *Matthews,* 98 *U. S.* 621; *Parish* v. *Wheeler,* 22 *N. Y.* 494; *Whitney Arms Co.* v. *Barlow,* 63 *Id.* 62. And this is true with relation to municipal as well as private corporations. *Mayor, &c., New York* v. *Sonneborn,* 113 *Id.* 423, 426; *City of Buffalo* v. *Balcom,* 134 *Id.* 532."

An examination of these cases demonstrates that not in a single one of them was the plea of *ultra vires* urged by the municipal corporation but by others against such a corporation or otherwise private, business corporations only, were involved.

Further, appellants entirely misconceive the situation in the case cited by them.

In this state the right of a municipal corporation to plead *ultra vires* in a cause such as that before us seems never to have been denied but, to the contrary, has always been upheld and permitted. *N. J. & N. E. Telegraph Co.,* 34 *N. J. Eq.* 117; *affirmed, Ibid.* 580; *Hackettstown* v. *Swackhammer,* 37 *N. J. L.* 191; *Potter* v. *Metuchen, supra.*

While it may be said that there is a diversity in the holdings in the several states the substantial finding is in accord with the policy and doctrine in this state. 21 *C. J.* 1214, § 218, *tit. "Estoppel,"* also § 194, *p.* 1194, same title; 13 *Id.* 506, §§ 451, 454, *tit. "Contracts;"* 44 *Id.* 122, § 2225, *tit. "Municipal Corporations."*

But however, and whatever, the rule may be in other jurisdictions it is in this state firmly established that such plea is always at the hand of a municipal corporation.

We conclude, therefore, that the judgments under review should be affirmed.