Matthew M. Levy, J.
The defendant Lafayette Bank of Brooklyn in New York moves for an order, pursuant to rule 90 of the Rules of Civil Practice, directing the plaintiff to *1018 serve an amended complaint separately stating and numbering the causes of action set forth in the complaint.
The plaintiff, in a representative capacity, sues some 92 defendants, pursuant to article 3-A of the Lien Law. The plaintiff is the surety, on payment and performance bonds, for the defendant E. L. Graziano Sons, Inc., a plumbing and heating contractor. The plaintiff alleges that Graziano defaulted on its contracts, that the defendant Lafayette Bank had trust funds on deposit for the benefit of the plaintiff' and unpaid suppliers and that the defendant Lafayette Bank diverted the funds to its own purposes. The action involves 44 separate contracts. Some cover publicly owned property, others privately owned property. The moneys paid into the defendant Lafayette Bank were received by Graziano under the various contracts and were all the contract payments received by Graziano. The printed complaint contains 30 paragraphs, and refers to three schedules annexed to the complaint. Schedule “ A ” is a listing of the publicly owned property involved in the action with date, description and amount of each. Sbhedule “ B ” lists, similarly, the privately owned property so involved. Schedule “ O ” specifies the names and amounts due to the unpaid suppliers; there are 89 unpaid suppliers so listed.
The rule requiring separate statement and numbering of each cause of action is a practice regulation, intended to facilitate, not to harass, and (in the absence of a showing of prejudice) enforcement of the rule rests largely in the discretion.of Special Term. (Crawford Music Corp. v. American Record Corp., 173 Misc. 205, affd. 258 App. Div. 955). There is here no showing of prejudice by the moving defendant.
This complaint and the schedules attached are very clear and indicate precisely the claim of each supplier and the contract under which his rights are based. The pleading as served will minimize the labor of counsel on both sides in preparation of the case for trial and in their presentation to the trial court. On the other hand, breaking down the schedules into the numerous separate causes of action will unduly burden not alone counsel, but the trial court as well. In view of the facility with which the defendants may answer the allegations in the present pleading, the magnitude of the task of amending the complaint, and the consequent burdens if the latter procedure be directed — as compared with any advantages thereof — the motion will not be granted. (Cf. Orr v. Weissberger, 1 A D 2d 844.) An order of denial has been signed accordingly.
In so disposing of this matter of practice, I do not pass upon what may be a question of substance posed by the moving *1019 defendant: ' ‘ Are moneys received by a single contractor in connection with many different improvements, both public and private, pursuant to many different contracts with different owners, declared by Section 25a (of the Lien Law) to be a single trust fund, or is a separate fund created by each separate agreement? ”