Henry Epstein, J.
Plaintiff is administrator of the estate of his deceased mother, Poline Komar, who at her death was the registered owner of 50 shares of common stock in defendant company. Deceased purchased and was issued the certificate for said 50 shares on or about October 3, 1933. The following facts were established at the trial:
Deceased and plaintiff, her son, lived at 166 East 94th Street, New York City, as the sole residents at that address. Deceased was a woman of 78 years of age in 1947 when a fire occurred at her residence while plaintiff and deceased were absent at a moving picture theatre. The fire occurred in February, 1947, either on February 19 or 23. Plaintiff had taken care of the investments of his mother and brought home the certificate of 50 shares in defendant company in a manila envelope, with two other certificates, leaving them in the envelope downstairs. These certificates represented the only assets of deceased who was cared for by plaintiff. He had brought them home for deceased to sign so they could be used as collateral for a loan.
After the fire plaintiff searched the rubble which was in a heap outside the premises and recovered the envelope containing the certificates. They were in ash form, recognizable, but crumpled when retrieved by plaintiff. On or about March 28, 1949, the owner of the shares, Poline Komar, died and plaintiff became administrator of her estate in August, 1953. In all the intervening years defendant has paid to deceased or to plaintiff as her administrator the dividends on the said 50 shares. It has also issued to plaintiff as administrator an additional certificate for 100 shares dated June 11, 1954. This defendant has in all the intervening years since 1947 recognized deceased and plaintiff as successor to deceased as the owner of the original 50 shares represented by the lost or burned certificate as well *26 as the new 100 shares of additional stock based on said ownership. Defendant has also paid all intervening dividends and all dividends represented by lost checks for . such dividends. Defendant however refuses to issue a new certificate for the lost or burned 50 share certificate unless plaintiff furnish an indeterminate surety company bond. More than 10 years have passed since the fire and more than 9 years since the death of Poline Komar. No claim by anyone other than plaintiff has been made.
Defendant company relies on its by-laws or rules adopted by its board of directors to require a corporate surety bond as a condition of issuing a replacement certificate. Also cited is Ruling No. 80 of the New York Stock Transfer Association of which defendant is a member, to the same effect. But defendant cannot impose upon plaintiff as a condition this requirement which is not made known to the purchaser of its stock. It would have been a relatively simple matter to print such a provision, however small the print, on the stock certificate itself, thus charging the holder or her successor in interest with knowledge of this requirement. But for reasons of policy, best known to itself, defendant has not so openly made known the condition it now seeks to impose on plaintiff after more than 10 years since the loss or destruction of the 50 share certificate. Nor do I find that defendant can hide behind the provisions of section 62 of the Stock Corporation Law or section 162 of the Personal Property Law under the facts which have been herein-before set forth and are here uncontested. Uncontradicted evidence cannot be overcome by defendant’s suspicions or fears after more than 10 years of recognizing deceased and plaintiff as the owners of the said shares. (Becker v. Miller, 7 F. 2d 293, appeal dismissed 269 U. S. 596. See, also, 18 C. J. S., Corporations, p. 737; Donaghue v. Di Giorgio Fruit Corp., 225 App. Div. 81; Knox v. Eden Musee Amer. Co., 148 N. Y. 441; Holbrook v. New Jersey Zinc Co., 57 N. Y. 616, 621, 622; Harvey v. Guaranty Trust Co., 134 Misc. 417; Prince v. Childs Co., 23 F. 2d 605, 608; Guilford v. Western Union Tel. Co., 59 Minn. 332, 346.)
The certificate itself is merely evidence of ownership and is not conclusive. No transfer of title is herein sought. On defendant’s own hooks plaintiff is the owner of 150 shares. Recognition has been accorded plaintiff by issuing to him the new (added) 100 shares and continuing to pay to him the dividends on all the 150 shares. Defendant should not he permitted to conform its public action to its official records. It cannot *27 through executive committee action and by-laws impose on holders of certificates of stock burdens which are not thereon clearly set forth (Pearsall v. Western Union Tel. Co., 124 N. Y. 256, 266-267).
The conclusion is to this court inescapable that in the facts herein set forth and uncontradicted plaintiff is entitled to the judgment sought, viz., that he is entitled to the issuance of a certificate for 50 shares of common stock in defendant to replace those destroyed or lost in 1947. It may be well for the protection of the public as for the defendant and other companies issuing stock that such provision as contained in defendant’s by-laws be set forth on stock certificates, charging the holder with notice thereof. Absent such, the plaintiff should not be required to furnish an open indefinite indemnity bond.
Submit judgment accordingly. No costs.