Hugh S. Coyle, J.
This is an application by 10 of the above defendants for an order directed to the complaint. The motion is to dismiss the complaint for insufficiency pursuant to rule 106 of the Rules of Civil Practice or, in the alternative, for an order pursuant to rule 90 of the Rules of Civil Practice, requiring the plaintiffs to serve an amended complaint in which they shall separately state and number the alleged causes of action of each alleged creditor similarly situated in whose behalf the plaintiffs claim to act in a representative capacity.
The action is brought under the provisions of article 3-A of the Lien Law of the State of New York. The plaintiffs, subcontractors, materialmen and suppliers, bring this action in a representative capacity on behalf of all other creditors similarly situated. It is alleged in the complaint that the plaintiffs were engaged to perform work, labor and services and supply the materials necessarily required to construct several hundred one-family dwellings on real property in Yorktown Heights, owned by the defendants Whitehill, Hunterbrook, Waltáire, 300B, Comer, Taconic and Mohansic. That Ahneman-Christiansen, Inc., was the contractor engaged by the above-mentioned seven owner corporations to construct the homes on the property. The complaint also alleges that the directors, officers and stockholders of these corporations were substantially the same and that the owner corporations were in fact instrumentalities of Ahneman-Christiansen, Inc.
The defendant Dime Savings Bank entered into building loan contracts with the eight corporations and in pursuance thereof advanced and loaned to them sums of money thereunder; that at the time of the making of the building loan advances the owner corporations and the contractor Avere indebted to the suppliers and materialmen for the Avork performed and the material supplied, and that the suppliers and materialmen were not paid for the work performed and materials furnished in the construction of the homes. The building loan advances were trust funds pursuant to subdivision (3) of section 13 of the Lien *82 Law. Some of the houses were completed and sold, and the funds derived from the sale were also trust funds for the benefit of the suppliers and materialmen pursuant to subdivision (5) of section 13 of the Lien Law.
The complaint further charges that there were paid to the moving defendants and others large sums of money out of the trust fund for purposes other than those specified in the Lien Law.
Upon a reading of the complaint in this cause of action the court is satisfied that it properly charges the defendants in one cause of action with converting trust funds. The action is brought in a representative capacity pursuant to section 71 of the Lien Law and the provisions of section' 195 of the Civil Practice Act. (Manufacturers Cas. Ins. Co. v. Lafayette Nat. Bank, 6 Misc 2d 1017.) Under the rule the complaint properly combines causes of action. The claims against the moving defendants arise out of the same transaction, namely, the conversion of trust funds. The action is one in equity to recover trust funds belonging to the plaintiffs and others similarly situated. Such a complaint is not defective simply because it unites several causes of action. Here they all grow out of the same transaction, present a common point of litigation, the decision of which will affect the whole subject matter and will settle the rights of all parties, if each party has an interest in some material matter involved, connected with others, though not all to the same extent. (Village of Mt. Morris v. Pavilion Natural Gas Co., 183 N. Y. S. 792, affd. 196 App. Div. 918; Peabody v. Travelers Ins. Co., 206 App. Div. 206.)
This court will not require the plaintiffs to separately state and number the causes of action. Bule 90 provides a means by which an adverse party may be fully informed as to the extent of the claims being made so that he may be in a position to properly and intelligently prepare his pleading in response thereto. The complaint herein complies with that requirement. To hold otherwise would require an extraordinarily lengthy and elaborate complaint which would not necessarily render the allegations in favor of the plaintiffs more clear and comprehensive than could be done by a bill of particulars. (Acker v. Hanioti, 276 App. Div. 78.)
Motion by defendants is in all respects denied.
Settle order.