Matthew M. Levy, J.
The plaintiff alleges in substance that since 1931 she has been the owner of a specified number of certificates, representing 1,000 shares of the common stock of the defendant Otis Elevator Company. She also alleges that, from December 17, 1958, to March 9, 1959, the defendant Otis and its duly registered stock transfer agent, the defendant the Corporation Trust Company, “without authorization from or the consent of the plaintiff, wrongfully cancelled the aforesaid certificates for the aforesaid stock owned by the plaintiff and issued and delivered other certificates of stock in the place and stead of plaintiff’s certificates of stock to persons other than the plaintiff.” It is further alleged that there was an intermediate split in the authorized stock of the defendant Otis on February 29, 1960, and that the defendants have wrongfully issued and delivered to persons other than the plaintiff, without authorization from or the consent of the plaintiff to do so, certificates representing the 1,000 shares of the common stock of the defendant Otis which plaintiff was entitled to receive as a result of that stock split. The plaintiff sues in equity for judgment directing the defendants or either of them to deliver to her certificates for 2,000 shares of the defendant Otis and pay to her all accrued dividends thereon, or for the value of the shares plus said dividends.
The plaintiff presents her claim for all the certificates, old and new, against both defendants, principal and agent, in one cause of action. The defendants, invoking rule 90 of the Rules of Civil *152 Practice, have separately moved to compel the plaintiff to serve an amended complaint in which there will be a separate statement of the causes against each of the defendants, and in which will be indicated whether the particular cause is based on breach of contract and with which defendant the contract was made, and the respects in which the contract has been breached; and, if the cause is in conversion, setting forth the facts constituting the conversion claimed to have been committed by the particular defendant; and, if the cause is based on fraud, the claimed representation or inducement; and separately stating a cause with respect to each certificate of stock. Bach defendant has also moved, pursuant to rule 102, to require the plaintiff to make her complaint more definite and certain by stating as to each defendant each act constituting the wrongful cancellation of certificates ; whether the plaintiff’s signature on each certificate was genuine or a forgery, and if genuine the facts constituting wrongful cancellation; whether undue influence or duress or fraud is claimed in connection with the affixing of the plaintiff’s signature, and, if so, the facts in connection therewith; the facts attending the guarantees of the plaintiff’s signatures; and to whom the certificates were transferred by the plaintiff.
Several of the obections to the complaint are so obviously ill-founded that they may be disposed of quite categorically. For instance, while a number of certificates of stock are involved, there is no need for a cause of action to be set forth separately in respect of each of them. Each certificate is adequately identified in the present complaint by number, and all of them by the character and the amount of the shareholdings. To require a separate cause to be stated for each certificate would be unduly burdensome (see Manufacturers Cas. Ins. Co. v. Lafayette Nat. Bank of Brooklyn, 6 Misc 2d 1017). Nor is it necessary that there be a distinct statement of the cause of action as to each defendant separately. The charge of wrongful cancellation is made against both defendants — principal and agent— jointly, and judgment is asked against both or either of them (cf. Civ. Prac. Act, § 212). The complaint is properly pleaded in that respect.
As to the underlying possible theories of recovery, projected by the movants as a basis for invoking rule 90, that point, I think, requires more extended consideration.
Rule 90 states: “ Each separate cause of action, counterclaim or defense shall be separately stated and numbered, and shall be divided into paragraphs numbered consecutively, each as nearly as may be containing a separate allegation.” The rule contemplates a situation where there is more than one cause of *153 action alleged. The test is whether or not the complaint states more than one cause of action (Stines v. City of New York, 154 App. Div. 276; Astoria Silk Works v. Plymouth Rubber Co., 126 App. Div. 18).
The difficulty with the defendants’ argument is that it is impossible to find multiple causes of action in a complaint which alleges a single equitable action for wrongful cancellation of stock belonging to the plaintiff. There may be, as the defendants contend, a number of factual bases upon which the defendants’ acts may be held wrongful, but, in my view, they are anticipatory, evidentiary matters which the plaintiff need not plead in her complaint. There is no suggestion in the complaint that forgery, coercion, undue influence or fraud is charged by the plaintiff. Nor is any express contract pleaded, other than the duty of the defendants to the shareholders to make transfer on the books of the corporation of stock owned by the plaintiff, upon her consent and authorization only.
And there need be no other charge. In Pollock v. National Bank (7 N. Y. 274) plaintiff sued in equity when the defendant bank cancelled her shares therein. There was a technical objection to the form of the remedy. The court said the bank was bound to issue new certificates and account for dividends, and, if it could not, then it would have to pay plaintiff their value. Telegraph Co. v. Davenport (97 U. S. 369) is also in point. The case was described by the court (pp. 369-370) as involving ‘ ‘ suits in equity to compel the defendant, a corporation created under the laws of New York, to replace, in the name of complainants, certain shares of its capital stock alleged to have belonged to them, and to have been transferred without their authority on its books to other parties; and to issue to them proper certificates for the same; and also to pay to them the dividends received on the shares since such unauthorized transfer ”. Plaintiffs succeeded in their action.
In Baker v. Baker (122 Misc. 757, affd. 212 App. Div. 850), a shareholders’ action brought to restore to the corporation property and stock which it was claimed had been divested by wrongful acts, one of the objections to the complaint was that causes of action were mingled and that they should have been separately stated and numbered. The court held (p. 759) that there was but one cause of action pleaded in the complaint, and that, under rule 90, a motion to state and number separately will be denied when the allegations comprehend but one claim designed to restore to the corporation stock and property of which the corporation has been deprived. True, the present *154 suit is not a stockholders ’ derivative one, but the objects of both suits were the same: to restore stock and property of which the plaintiff has been deprived (see, also, Prince v. Childs Co., 23 F. 2d 605; Mohr v. Penney Co., 242 App. Div. 385, affd. 270 N. Y. 606; Donaghue v. Di Giorgio Fruit Corp., 225 App. Div. 81; Personal Property Law, art. 6, § 162; New Jersey Stat., Ann., § 14:8-27; Uniform Stock Transfer Act, § 1).
Travis v. Knox Terpezone Co. (215 N. Y. 259) is an interesting case in point. There, a foreign corporation issued stock to one Knox, who assigned to plaintiff, who surrendered it to defendant company and its duly registered transfer agent. Later, defendant gave notice that it claimed some right or title in the stock. The complaint asked that plaintiff, as assignee of Knox, be adjudged the owner of the shares, that defendants be directed to issue the certificates to him and that plaintiff recover judgment against defendants for damages in the event of noncompliance. By way of the old form of demurrer, a motion to dismiss the complaint was in effect presented to the court based on the grounds that it had no jurisdiction to grant the relief requested as against a foreign corporation, that the complaint did not state facts sufficient to constitute a cause of action and that two causes of action had been improperly united. What Judge Cardozo said in respect of some aspects of the application is quite apposite to the present issue (pp. 263-265): “ The primary purpose is to compel the transfer of the shares on the corporate books and the delivery of new certificates. That is relief which the courts of this state are competent to grant. * * * We are protecting the plaintiff’s ownership of shares already issued. The law gave him a choice of remedies, equitable and legal * * *. [The plaintiff] might assert his ownership of the shares irrespective of the registry, and sue for dividends declared upon them ’ ’.
As I read the complaint in the case at bar, I find the plaintiff has charged that only one wrong was committed by the defendants, and that, with proper allegations, that wrong has been duly set forth.
While the precedents are comparatively few on the question as to how properly to allege a cause of action in equity for wrongful cancellation, the cases in which these actions were brought do indicate that a plaintiff need allege only his title to the stock and the defendant’s cancellation without authorization by the plaintiff. Thus, in Prince v. Childs (23 F. 2d 605, 608, supra) the court stated: “Plaintiff can rest on the claim that she never parted with her interest, and is entitled to the *155 certificate as a muniment of title”. In Pollock v. National Bank (7 N. Y. 274, supra) plaintiff held the certificates which defendant cancelled, and instead of issuing new ones, it denied plaintiff’s rights altogether; the court said, in effect, that, if defendant set up title as a bar to plaintiff’s claim that is a matter which defendant must prove affirmatively (see, also, Telegraph v. Davenport, 97 U. S. 369, supra). In the instant case, I hold that it is not appropriate to require the plaintiff to break down the complaint into several separate causes, or for the defendants to utilize rule 90 as a vehicle to compel her to elect a charge or theory as the basis upon which she alleges that the cancellation by the defendants was without her authorization or consent.
The other attack upon the pleading which has spurred me on to an expression of my views, is that the allegation of “wrongful” cancellation is conclusory merely, since no facts are set forth to support the charge.
Upon analysis I find that, in support of their contention, the defendants have separated the allegations contained in the complaint and have sought to establish an iron curtain between them, the better, perhaps, to demolish each separately. That is not permissible on a motion such as this.
The plaintiff has not alleged that the “ cancellation was wrongful”- — period. Such a statement of claim, would, of course, have been inadequate. But the allegation here is that, ‘ ‘ without authorization from or the consent of the plaintiff ’ ’, the defendants ‘1 wrongfully cancelled ’ ’ the certificates representing the shares of stock owned by the plaintiff. Thus stated, the defendants’ “ wrongful ” acts refer to and are based upon the absence of the plaintiff’s “ authorization ” or “ consent ”. There is no need further to describe — by expansion or limitation— the charge of “wrongfulness”. For, as expressed in the complaint, in juxtaposition to the allegations of fact, the pleading is quite sufficient, as I have heretofore pointed out, to state a cause of action.
The naked word ‘ ‘ wrongful ” is a conclusion, but, as I have here said, it is buttressed, in the present pleading, by the basic and contiguous allegations of fact referred to. As such, the charge of “ wrongful cancellation ” is not “ so indefinite, uncertain or obscure, that the precise meaning or application thereof is not apparent ”, within the meaning of rule 102 (cf. Rasmussen v. Sevier Val. Canal Co., 40 Utah 371 and Atwood v. Cox, 88 Utah 437). At most, the use of the word “ wrongful ” in the present context is but a supererogation, which, indeed, may aid *156 the defendants in their demands for a bill of particulars of the plaintiff’s allegations when, in due course, such demands are presented.
The motions are in all respects denied.